PLEUS, Judge.
This cause is on appeal from a judgment of the Circuit Court of Lake County affirming an order of the County Judge’s Court appointing the appellee, The First National Bank of Leesburg, Administrator cum tes-tamento annexo of the estate of Mary Crabb, deceased.
The last will and testament of Mary Crabb appointed as executor thereof her husband who predeceased her. Her next of kin were a brother and a sister. The latter, executed a waiver in favor of the appointment of the brother who filed a petition for letters of administration, c. t. a. Neither the brother nor the sister were legatees or devisees under the will, but five of the seven beneficiaries named therein countered the petition of the brother of the testatrix with a request that The First National Bank of Leesburg be appointed as such administrator. The said bank is admittedly qualified.
Two questions are presented: (1) Do the provisions of section 732.44, Florida Statutes, 1955, F.S.A., apply? (2) Was citation upon all parties in interest necessary before the Court of the 'County Judge could act?
We have no hesitancy in holding that the provisions of section 732.44 have no application except in cases of intestacy; and therefore, in those instances where the executor named in a will either predeceases the testator or is otherwise unable or disqualified to act when the time comes, we are relegated to the common law rule which gives to those who take under the will priority of appointment or the right to select or nominate for such appointment. This holding is reinforced by reading section 732.44, Florida Statutes, 1955, F.S.A., in conjunction with section 732.43, Florida Statutes, 1955, F.S.A., which requires the petition to state that the decedent died intestate. The common law rule is well stated by the annotation in 1 A.L.R. 1245, 1253 as follows:
“In administration with the will annexed, as in ordinary administration, the rule is that the right should follow the right to the property. Consequently, when there is a will, the law in general looks to the residuary legatees or the principal legatees. Thus, where other things are equal, the beneficiary having or favored by the greater interest should be preferred.”
This rule is supported by a wealth of authorities.
The only case in Florida we have been able to find is the able decision by Circuit Judge Milledge in In re Sawtelle’s Estate, 1955, 8 Fla.Supp. 166, in which he reached the identical conclusion.
As to question two we are directed by counsel to no statutory requirement that *145 a citation be issued nor have we found any such requirement. Therefore, we hold that citation was unnecessary.
The County Judge having followed the wishes of the majority in interest of the beneficiaries and having appointed an admittedly proper and qualified administrator, the Circuit Court was correct, and we therefore affirm the order and judgment from which this appeal is taken.
KANNER, C. J., and ALLEN, J., concur.