WHITE, Judge.
Oscar A. Jose died testate in Indiana and ancillary proceedings were necessary in Florida. The primary executors named in the will were not legally qualified to serve in Florida but the alternate executors possessed the general qualifications for appointment under the statutes of this state.[1]
The County Judge’s Court for Palm Beach County admitted the will to probate in Florida and issued ancillary letters testamentary jointly to Oscar A. Jose, Jr., and Catherine Frances Childs, the children of the decedent who were named in the will[2] as alternate personal representatives. From this order the widow, Jean W. Jose, appeals. Appellant takes the position that since the primary domiciliary executors are not qualified to serve in Florida, the Florida court erred in appointing the named alternate executors to administer the ancillary *890 proceedings because, arguendo, section 734.-31(1) Fla.Stat., F.S.A.[3] read in conjunction with section 732.44, Fla.Stat., F.S.A.[4] gives the surviving spouse first entitlement to letters. The argument is plausible but not tenable.
The testator, himself, provided for alternate personal representatives should his primary executors not qualify. Such primary domiciliary executors could not qualify for the ancillary proceedings in Florida, and we hold that the County Judge acted correctly in issuing letters testamentary to the qualified alternate executors expressly designated by the testator.
The law favors the appointment of successor or alternate personal representatives named in wills and unless plainly prohibited by law the courts will honor the wishes of the testator. See 33 C.J.S. Executors and Administrators § 25; 21 Am.Jur., Executors and Administrators, § 54.
 The fact that the named alternate executors are not also the domiciliary executors does not foreclose their presumptive right to appointment in the ancillary proceedings where the domiciliary executors are ineligible to serve in the ancillary jurisdiction; and this is so even though the testator’s surviving spouse may be ready, able and willing to serve. In other words, section 732.44(1), Fla.Stat., F.S.A. was not intended to require appointment of a substitute personal representative contrary to the expressed intent of the testator who affirmatively nominated competent eligible alternate executors.
Affirmed.
SHANNON, Acting C. J., and EL-MORE, FRANK H., Associate Judge, concur.

. See Fla.Stat. § 732.47, F.S.A.

. The pertinent portion of the will reads as follows:
“I Nominate and appoint Oscar A. Jose, Incorporated, a Indiana Corporation of Indianapolis, Indiana, Corporate Executor, and Lalah E. Brown, of Indianapolis, Indiana, Executrix, jointly, of this my Last Will and Testament. In the event Lalah E. Brown shall not be living or shall die during administration, resign or refuse to serve, I nominate and appoint Oscar A. Jose, Jr., my son as Executor and Catherine Frances Childs, my daughter, as Executrix, jointly, to take the place of Lalah E. Brown, Executrix, not serving.”

. § 734.31(1) “Upon the death of a nonresident of this state leaving assets in this state, credits due him from residents of this state, or liens upon property in this state, the domiciliary personal representative of such decedent may, upon application, have ancillary letters issued to him, if qualified to act. Otherwise, the preference of appointment prescribed in this law shall be applicable. If ancillary letters are applied for by other than the domiciliary personal representative, citation shall be served upon the domiciliary personal representative.” (Emphasis added.)

. § 732.44 “Preference in appointment of administrator.”
“In the granting of letters of administration, the following preference shall be observed:
“(1) The surviving spouse shall first be entitled to letters.” [This section has no application except in cases of intestacy. See Pryor v. First National Bank of Leesburg, Fla.App.1957, 97 So. 2d 143.]