PER CURIAM.
A contingent beneficiary under a testamentary trust has appealed from an order entered by the County Judges’ Court for Duval County denying his petition seeking the discharge of the counsel for the executor of the estate in question.
The basic question presented in this appeal is whether the appellant is a proper party in this proceeding; that is, whether the appellant, as such contingent beneficiary, has a sufficient judicial standing to file his said petition.
The testator, Ernest E. Anders, died in 1962, and the appellee bank was appointed as the executor of his estate. The decedent left surviving three heirs at law and beneficiaries under his will: his widow and two daughters, one of whom is the petitioner’s mother.
The petitioner’s rights as a contingent beneficiary under the terms of the trust created in Anders’ will may or may not *270 arise in the future, dependent upon whether the petitioner’s mother should die during the existence of the trust, leaving the petitioner as her child. In the instant petition he designated himself as the "ultimate beneficiary of a trust.”
In 1967 the petitioner filed his said petition in the said court seeking the discharge of the attorney for the appellee-executor, on grounds, among others, of conflicts of interest. The executor filed a motion to dismiss the petition on the ground that the petitioner was not a proper party. To the petition the mother of the petitioner filed an answer disassociating herself from the petition and moving to dismiss the petition. In the order appealed from the court denied the petition.
The precise question presented in this appeal evidently makes this a case of first impression in this state, if not in other jurisdictions, too, so we must resort to general principles and considerations in the determination of this question. The parties to this appeal have cited before us no case from Florida or elsewhere in which this question has been directly ruled upon, and our independent research has revealed none.
Among those general principles and considerations are the following:
The petitioner here does not now have, and may never have, a vested interest in the estate. He has only a contingent interest under the Anders will and can hold nothing more thereunder unless his mother should predecease him.
His mother, who holds the said vested interest, not only did not join in his said petition, but filed a motion to dismiss the petition, as did the executor.
Under the statutory and deci-sional law of this state, the county judge’s court necessarily has a broad judicial discretion in the administration of decedents’ estates. Both the county judge and the personal representative of an estate have the duty to protect the interests of all parties with either vested or contingent interests in an estate.
Pursuant to the provisions of Article V of the Florida Constitution, the Supreme Court of Florida has adopted rules setting up procedures for the disciplining of Florida attorneys who violate the canons of professional ethics, including the canon relating to conflicts of interest.
An appellate court should not ordinarily substitute its judgment for that of the county judge on factual questions in the area of the administration of decedents’ estates.
No statute of Florida provides for the removal or discharge of an executor’s attorney. Sec. 734.11, Florida Statutes, F.S.A., however, provides for the removal of a personal representative of an estate for any one of ten causes, including “Conflicting or adverse interest held by the personal representative against the estate % >(: }f
This last-mentioned statutory provision was construed by the Third District Court of Appeal in Kolb v. Levy, 104 So.2d 874 (Fla.App. 1958). In that case the executor of an estate filed a petition in the County Judges’ Court of Dade County to remove his co-executrix, pursuant to the above-quoted provision of Sec. 734.11, on the ground of conflicting or adverse interest consisting of filing a claim that had not been judicially determined to be a valid claim. The county judge's court entered an order granting the petition and removing the co-executrix, who appealed. Our sister court of appeal affirmed the order and held that the said petition sufficiently stated a ground for the co-executrix’s removal. In the course of its opinion the Third District Court of Appeal said:
“The authority for removal of a personal representative is vested in the County Judges’ Court by virtue of sections 734.11 and 734.13, supra. The court has a wide discretion in proceedings *271 under these sections and is not obliged to remove a personal representative unless there is some tangible and substantial reason to believe that damage will otherwise accrue to the estate. See In re Arduser’s Estate, 226 Iowa 103, 283 N.W. 879.”
Upon the authority of the foregoing Kolb decision, if the present petition sought the removal of a personal representative instead of the latter’s attorney, we would feel constrained to hold that the county judge’s court would have a “wide discretion” in such removal proceedings and is not obliged to order removal “unless there is some tangible and substantial reason to believe that damage will otherwise accrue to the estate.”
Re-examining the petition before us in the light of the foregoing decision in the Kolb case, we find that the petitioner alleges that the attorney in question has a conflict of interest in that he represents Anders’ widow as well as the executor of the estate but does not, we think, allege with particularity any tangible and substantial reason to believe that damage will accrue to that estate. Therefore, under the rationale of the Kolb case, the County Judge would have a “wide discretion” in ruling upon the petition, even if this were a petition to remove an executor.
We hold, therefore, that the County Judge had at least a wide discretion in determining the validity of the petition before us, if there were a statutory authorization for such petition. There is, however, no such authorization for the petition before us.
In a case of first impression such as this it is important to carefully delineate the boundaries of our holding here. We are not saying that there are no imaginable circumstances under which a county judge’s court could not, under its broad powers to protect an estate being administered by it, entertain and grant a petition filed by an interested party, even a contingent beneficiary, to remove an attorney for the executor or require the executor to discharge him. In our opinion, such circumstances are not present here.
For the foregoing reasons, we hold that the appellant has failed to carry his burden of demonstrating that the county judge’s court in the order appealed from ha's abused its broad judicial discretion in entering the said order, and that, therefore, that order must be and it is
Affirmed.
WIGGINTON, C. J., and CARROLL, DONALD and JOHNSON, JJ., concur.