301 So.2d 25 (1974)
In re the ESTATE OF Nelle Moore JEFFRESS.
Robert O. JEFFRESS, Appellant,
v.
Honorable Harry C. PARHAM, Circuit Court Judge for the Twelfth Judicial Circuit in and for Manatee County, Florida, Probate Division, Appellee.
No. 73-699.
District Court of Appeal of Florida, Second District.
October 4, 1974.
Larry Helm Spalding of Hockett, Silver, Clark, Lewis, Spalding & Levkoff, Sarasota, for appellant.
Robert L. Shevin, Atty. Gen., Tallahassee, and Baya Harrison III, Asst. Atty. Gen., Tampa, for appellee.
Richard C. McFarlain, Tallahassee, and Leonard Rivkind, Miami Beach, for the Florida Bar, amicus curiae.
Robert J. Boylston and David K. Deitrich, Bradenton, for The Manatee County Bar Assn., Inc., amicus curiae.
I.W. Whitesell, Jr. of Wood, Scheb, Whitesell & Warren, Sarasota, for The Sarasota County Bar Assn., Inc., amicus curiae.
BOARDMAN, Acting Chief Judge.
The appellant, Robert O. Jeffress, sought to submit to probate the last will and testament of his deceased wife. Jeffress is named as executor in his wife's will and he sought to proceed in this matter without the aid and assistance of counsel. The probate court refused to allow the probate of this estate unless Jeffress retained legal counsel. This timely appeal followed.
The question this appeal poses for our consideration is whether the law of Florida requires a personal representative to employ legal counsel to probate an estate. While this question has been under our consideration, our supreme court has held that a personal representative may probate an estate without legal counsel "... so long as only the petitioner remains the *26 sole interested party therein."[1] (Emphasis supplied).
A cursory examination of the record on appeal reveals that there are other parties interested in this matter by virtue of their inclusion in the will of the deceased. Furthermore, the limitation period for creditors' claims has not yet expired, so it cannot be determined whether any creditors may be interested in the estate.[2] Accordingly, we conclude that under the authority of Falkner, supra, the probate judge properly declined to proceed.[3]
Affirmed.
GRIMES, J., concurs.
SCHWARTZ, Alan R., Associate Judge, dissents with opinion.
SCHWARTZ, ALAN R., Associate Judge (dissenting).
It seems to me that the majority misapprehends the nature of the order which is on appeal. The appellant, the husband and the executor named in the will of the decedent, filed a petition for leave to "Probate Estate Without Retaining Legal Counsel." The petition alleged that there was no real, personal or mixed property of Mrs. Jeffress in the State of Florida and that there were no creditors of her estate. Nonetheless, and solely on the basis of his ruling that no representative of an estate could ever, or under any circumstances, represent himself or herself without counsel, the trial judge denied the petition and declined to accept the requisite filing fees and documents proffered by Mr. Jeffress. As I understand the holding of the Supreme Court in the Falkner case, cited and relied upon by the majority, this action was erroneous. Under the allegations of the petition, which Jeffress was not given an opportunity to establish, he was the "sole interested party" in his wife's Florida estate, and there could be no basis, therefore, for precluding his ability to serve as executor until and if other interested parties appeared. It will not do for the majority to state, on the basis of an examination of the will, that other interested parties exist in the face of an unrebutted allegation that they do not.[1]
It may perhaps be added that the Falkner decision which recognizes that, under some circumstances, at least, one may represent oneself in his capacity as the representative of an estate is contrary to the entire basis of the ruling below, to the holding in the Wisconsin Baker case cited by the majority, and to the contention advanced at oral argument by the Florida Bar that Article I, § 21, of the Florida Constitution and F.S. § 454.18, which guarantee the right to represent oneself are not applicable because a personal representative always "represents" someone else, namely, the decedent.[2] If the Supreme Court had not apparently, albeit obliquely, resolved the question to the contrary in the Falkner case, I would hold that the necessary implication of this holding is that the constitutional and statutory provisions cited would apply, across the board, to estate matters  that, in other words, there is no impediment to one's representing one's self in a representative capacity when, in fact, all other persons, even "interested," are or may be themselves represented. Since, *27 however, the issue has in fact been decided by the Supreme Court, I see no need to elaborate upon the reasons for my conclusion to this effect.
NOTES
[1] State ex rel. Falkner v. Blanton, Fla. 1974, 297 So.2d 825.
[2] Section 735.11, Florida Statutes.
[3] For a comprehensive discussion of the reasons against permitting a non-lawyer to represent himself as a personal representative, see State ex rel. Baker v. County Court for Rock County, 1965, 29 Wis.2d 1, 138 N.W.2d 162, 19 A.L.R.3d 1089.
[1] There are suggestions, for example, that the property willed to others no longer exists and thus, that those others are in fact "not interested" in the estate.
[2] Even before the Supreme Court so held, the writer had some difficulty in grasping the concept of one's being a representative, for attorney-client purposes, of one who is no longer alive.