BOARDMAN, Acting Chief Judge.
The appellant, Robert O. Jeffress, sought to submit to probate the last will and testament of his deceased wife. Jeffress is named as executor in his wife’s will and he sought to proceed in this matter without the aid and assistance of counsel. The probate court refused to allow the probate of this estate unless Jeffress retained legal counsel. This timely appeal followed.
The question this appeal poses for our consideration is whether the law of Florida requires a personal representative to employ legal counsel to probate an estate. While this question has been under our consideration, our supreme court has held that a personal representative may probate an estate without legal counsel “ . so long as only the petitioner remains the *26 sole interested party therein." [1] (Emphasis supplied).
A cursory examination of the record on appeal reveals that there are other parties interested in this matter by virtue of their inclusion in the will of the deceased. Furthermore, the limitation period for creditors’ claims has not yet expired, so it cannot be determined whether any creditors may be interested in the estate.[2] Accordingly, we conclude that under the authority of Falkner, supra, the probate judge properly declined to proceed.[3]
Affirmed.
GRIMES, J., concurs.
SCHWARTZ, Alan R., Associate Judge, dissents with opinion.

. State ex rel. Falkner v. Blanton, Fla.1974, 297 So.2d 825.

. Section 735.11, Florida Statutes.

. For a comprehensive discussion of the reasons against permitting a non-lawyer to represent himself as a personal representative, see State ex rel. Baker v. County Court for Rock County, 1965, 29 Wis.2d 1, 138 N.W.2d 162, 19 A.L.R.3d 1089.