336 So.2d 697 (1976)
In re the ESTATE of Francis P. MURPHY, Jr., Deceased.
Jessie Smith Murphy, Appellant,
v.
Anthony V. PACE, Jr., and Broward National Bank of Fort Lauderdale, Co-Executors of the Estate of Francis P. Murphy, Jr., Deceased, Appellees.
Nos. 75-1146, 75-1315.
District Court of Appeal of Florida, Fourth District.
August 27, 1976.
Rehearing Denied September 27, 1976.
*698 J. Kaylor Young, Fort Lauderdale, for appellant, Jessie Smith Murphy.
Clifford B. Wentworth, Hollywood, for appellee, Anthony V. Pace, Jr., as co-executor of the Estate of Francis P. Murphy, Jr., deceased, and Anthony V. Pace, Jr., Fort Lauderdale, for the Estate of Francis P. Murphy, Jr., deceased, and for the co-executors thereof.
DOWNEY, Judge.
Appellant, the sole beneficiary of the Estate of Francis P. Murphy, Jr., seeks review of an order of the circuit court awarding a partial allowance of attorney's fees to Anthony V. Pace, Jr., (attorney for the estate) and denying appellant's petition to remove Mr. Pace as one of the co-executors of the estate.
It appears that Mr. Pace had represented Doctor Francis P. Murphy, Jr., and appellant for some years prior to the doctor's death. At the doctor's request Mr. Pace had prepared the doctor's last will and testament, which included a provision naming Mr. Pace as one of the co-executors. Things went along smoothly for many months during the administration of the estate until Mr. Pace obtained an order allowing him a partial attorney's fee of $30,000. Appellant eventually filed a petition to vacate said order and to remove Mr. Pace as one of the co-executors. After a full blown trial of all the issues raised by said petition the court made a partial allowance of attorney's fees of $45,000 and refused to remove Mr. Pace as a co-executor.
The value of the services to the estate was vigorously contested by appellant. However, the record contains adequate competent evidence to support the trial court's finding that the services rendered were services as an attorney for the benefit of the estate and that the value of said services based upon expert testimony was $45,000. Accordingly, we would be substituting our judgment for that of the trial court if we refused to accord that finding the presumption of correctness to which it is entitled.
The more difficult question is the validity of the order refusing to remove Mr. Pace as co-executor. The thrust of the petition vis a vis removal is that Mr. Pace failed to file accountings timely; Mr. Pace had obtained an order allowing a partial attorney's fee without notice; and that appellant had become disenchanted with Mr. Pace. All of these contentions were thoroughly aired before the trial judge.
True the accounting in question was not timely filed. However the responsibility for the lack of timely filing must be shared by Pace's co-executor. Furthermore, the accountings were eventually filed and no prejudice or harm to the estate resulting from the late filing has been shown. Removal of a personal representative pursuant to Section 733.504 Florida Statutes (1975) (formerly Section 734.11) involves the exercise of the trial court's discretion. In re Estate of Anders, 209 So.2d 269 (Fla. 1st DCA 1968), and Kolb v. Levy, 104 So.2d 874 (Fla. 3d DCA 1958). As the court stated in the Anders case:
"... if the present petition sought the removal of a personal representative instead of the latter's attorney, we would feel constrained to hold that the county judge's court would have a `wide discretion' in such removal proceedings and is not obliged to order removal `unless there is some tangible and substantial reason to believe that damage will otherwise accrue to the estate.'"
With regard to appellant's disenchantment with Mr. Pace as a co-executor, at first blush it might seem that if the sole beneficiary wants a change in personal representatives, no one may complain. But *699 that conclusion does not necessarily follow. It must be remembered we are dealing here with an executor appointed by the decedent in his will, not an administrator appointed by the court. As the court pointed out in In re Estate of Beichner, 432 Pa. 150, 247 A.2d 779, 781 (1968):
"`A testator has, as a property right, the privilege and power to place the management of his estate in a selected person as a condition of his bounty.'"
The removal of a personal representative chosen by the deceased is a drastic action and should only be resorted to when the administration of the estate is endangered. In re Estate of Beichner, supra. The mere fact that a certain hostility has arisen between a beneficiary and the executor absent some showing of wrongdoing on the part of the executor or other factors which will prejudice the administration does not warrant such drastic action as removal. In re Estate of Beichner, supra; In re Hartt's Estate, 75 Wyo. 305, 295 P.2d 985 (1956). Our close examination of the testimony in this case leads us to the conclusion that the trial court could well find that there was no showing that the administration would be prejudiced or endangered by Mr. Pace's continuing to act pursuant to his nomination by the decedent as a coexecutor. We must also keep in mind that the administration of this estate remains under the continuing jurisdiction of the court, and should reason arise for removal in the future the court may entertain another petition for removal.
Accordingly, we find the issues on this appeal involved an exercise of the trial court's discretion and no abuse thereof has been shown. The order appealed from is affirmed.
MELVIN, WOODROW M., Sr., Associate Judge, concurs.
WALDEN, J., dissents, without opinion.