MILLS, Judge.
Howard Drummond (Drummond) was named as the sole beneficiary and as the sole executor in the will of his mother, the late Madelyn G. Drummond (testatrix). Drummond qualified as executor of the estate but died before the estate proceedings were completed. Jessie C. Smith (Smith) was named as the sole executrix in the will of Drummond. She was not related to Drummond or to the testatrix. Smith qualified as executrix of Drummond’s estate and petitioned the probate court for appointment as successor executrix of the testatrix’s estate. Carole Hall (Hall), a daughter of Drummond and a granddaughter of the testatrix, also petitioned the court for appointment as administratrix with the will annexed. The surviving lineal descendents of the testatrix joined in her petition. The court appointed Hall as administratrix. The court made this appointment on the ground that Hall was entitled to preference under Section 732.44, Florida Statutes (1973). Smith appeals. We reverse.
Section 732.44 applies to intestate estates only. It does not apply to testate *226 estates which we have here. Pryor v. First National Bank of Leesburg, 97 So.2d 143 (Fla.2d DCA 1957).
Hall contends that she is an alternate executrix under a provision of the testatrix’s will which provides that “in the event my son, Howard E. Drummond, should predecease me or fail to qualify, then in that event I hereby nominate, constitute and appoint Carole Hall as executrix of this my last will and testament.” This contention has no merit. Hall was a mere contingent executrix. The contingency never occurred because Drummond did not predecease the testatrix nor did he fail to qualify.
Hall further contends that under Section 732.52, Florida Statutes (1973), an executor, as such, is not authorized to administer the estate of the first testator; rather, on the death of the executor, a circuit judge shall appoint an administrator to complete the estate. This is correct, however, Hall overlooks that Smith seeks appointment as the personal representative of the sole beneficiary of the testatrix’s estate, not as executrix of the deceased executor’s estate.
By vesting her entire estate in her son, Drummond, the testatrix dictated that her estate be administered and distributed at his direction. This intent can be accomplished only by appointment of Drum-mond’s personal representative to conclude the testatrix’s estate. This is practical also because the only matters remaining to be done in the testatrix’s estate are getting approval of the estate tax return, which has been filed, filing an accounting, and distributing the assets to Drummond’s estate. This Smith has agreed to do without fee or compensation.
The order appealed is reversed. This case is remanded with instructions to set aside the order and to enter an order appointing the appellant, Jessie C. Smith, as successor executrix of the Estate of Madelyn G. Drummond, deceased.
BOYER, C. J., and SMITH, J., concur.