DOWNEY, Judge.
This proceeding involves an effort by a widow and the beneficiaries of an estate and a testamentary trust to remove the named personal representatives and trustees.
Moe Senz died in October, 1977, leaving Bertha Senz, his widow, and two daughters, Joyce Winston and Carole Turk. In his last will and testament Moe created a marital trust[1] and a residuary trust for the benefit of his widow and daughters. His nephew, a certified public accountant, and his attorney, were named personal representatives of the estate and trustees of the trusts. Dissatisfied with the fiduciary administration, the widow and her daughters filed a petition to remove the nephew and the lawyer, citing numerous examples of mismanagement and negligence on the part of the fiduciaries. In his final judgment, the trial judge found the petitioners had failed to prove sufficient grounds for removal under Section 733.504, Florida Statutes (1981). He further found that “There have been no allegations nor testimony of self-dealing, divided loyalties or those additional criteria which would lead this Court to exercise its discretion in removing the respondents as Personal Representatives or Trustees.” Accordingly, the court denied the petition for removal but required the personal representatives, prior to discharge, to take certain action, which will be referred to hereafter. From that final judgment the daughters perfected this appeal.
On appeal, the daughters make much of the trial judge’s comments at trial, which reprimanded the fiduciaries for the manner in which they administered the estate and trust. After the judge’s critical comments, the daughters were no doubt surprised when he ultimately denied their petition for removal. The tendency of counsel to rely upon a judge’s remarks made during court proceedings for some substantive weight bears out the biblical adage that an over-speaking judge is no well tuned cymbal. This leads us to observe that unnecessary critical or laudatory comments by judges should be avoided since they are often seized upon as having some judgmental impact. Generally speaking, such remarks do not constitute findings or holdings of the court and should not be considered as such. The court usually speaks through its written orders and judgments.
If the trial judge’s comments during trial were our only concern, we would necessarily affirm his denial of the petition for re *327 moval. However, the record reflects that many of the judge’s conclusions were justified, and the final judgment sets forth a number of those same conclusions as court findings. The evidence demonstrates numerous instances of mismanagement of the estate, e.g.: 1) Senz and his wife had a safety deposit box containing various items of valuable property. The nephew insisted that he take over the contents and gave the widow no receipt. Among the contents were some bearer bonds that belonged to the widow. These bonds were improperly included as assets of Moe’s estate. 2) Other bonds belonging to the estate contained coupons which the personal representatives did not clip and collect in some instances for over a year. 3) A large certificate of deposit matured and was reinvested at a rate of interest below available interest rates. 4) A non-probate asset involving an interest in a partnership that was supposed to pass to the widow was included as an asset of the estate. 5) The estate income tax return improperly excluded an item of $10,000. 6) Distributions to Winston and Turk were consistently late, sometimes causing the income belonging in one taxable year to be reported in another. 7) The personal representatives activated the marital trust established in the will prior to the expiration of the time for the widow to make her statutory election to take dower. Her subsequent election to take dower nullified this action. However, the personal representatives charged the estate for said services. 8) The two personal representatives did not communicate adequately with each other and thus were not always apprised of what was going on. 9) Finally, as a result of the fiduciaries’ conduct communication between them and beneficiaries went from bad to worse resulting in friction giving rise to this removal effort.
The final judgment acknowledged all the foregoing instances of mismanagement. In addition, while foreswearing any insinuation that the fiduciaries were guilty of dishonesty or self-dealing, the trial judge found that the nephew was “totally inept in handling of this estate,” that lines of communication between the parties had collapsed and that the beneficiaries had lost all confidence in the personal representatives. With reference to the mismanagement of the estate, the final judgment ordered the personal representatives to:
a) Transfer to the widow the partnership interest referred to above.
b) Deliver the bearer bonds taken from the safety deposit box to the widow.
c) “Make appropriate adjustments, as necessary, as a result of the transfer of the interest in [the partnership] and the bearer bonds to Bertha Senz,” the widow.
d) File an amended income tax return for 1977 to reflect the ommitted item of $10,000; any penalties, interest or costs to be borne by the personal representatives.
The trial court and the fiduciaries cite In re Estate of Murphy, 336 So.2d 697 (Fla. 4th DCA 1976), to support the court’s denial of the removal petition. However, a cursory reading reveals that the Murphy mismanagement was minimal compared to this case. Therefore, in Murphy the court was only required to accommodate a slight mismanagement of the estate in honoring the testator’s right to name the personal representative of his estate. In the present case the tension between the testator’s right to name his representatives and the court’s interest in assuring the proper administration of the estate and trust is much greater. Thus, when we consider this record in the light of the interests to be protected, the trial court’s refusal to remove the fiduciaries appears to be an abuse of discretion.
For the foregoing reasons, we reverse that aspect of the final judgment denying the petition for removal of the personal representatives and trustees and remand the cause with directions to grant the petition for removal.
REVERSED AND REMANDED, with directions.
LETTS, C. J., and WALDEN, J., concur.

. The marital trust was activated but later terminated because the widow elected to take dower. Thus only one trust is presently involved.