423 So.2d 531 (1982)
In re The ESTATE OF John W. KENTON, Jr., Deceased, John W. Kenton, Sr., Appellant,
v.
Mary Ann KENTON, Appellee.
No. 82-751.
District Court of Appeal of Florida, Fifth District.
December 15, 1982.
*532 Jerry H. Trachtman of Bross, Trachtman & Henderson, P.A., Indialantic, for appellant.
Elting L. Storms, Melbourne, for appellee.
ORFINGER, Chief Judge.
This is an appeal from an order appointing decedent's widow the personal representative of his estate. We affirm.
In his will, John W. Kenton, Jr., named his wife, Mary Ann Kenton, as the personal representative of his estate, and named his father, John W. Kenton, Sr., as the alternate personal representative if his wife predeceased him or was otherwise unable to act in that capacity. Marital problems between the decedent and his wife produced a separation agreement in contemplation of a divorce, in which it was provided that "each party waives and releases all rights and claims of every nature whatsoever to the other's estate." Approximately 45 days later, decedent was killed in an automobile accident, without any change in his will, and with no proceeding filed to dissolve the marriage. Decedent's father presented the will for probate and requested appointment as personal representative, contending that the wife was no longer eligible because of the separation agreement; the court ruled that the wife was entitled to appointment as the primary nominee under the will. The father appeals.
It is a well recognized principle of law that a testator has the right to name the person who shall administer his estate after his death, provided such person is not disqualified by law. Ordinarily, courts have no discretion but to issue letters testamentary to the person nominated in the will, unless such person is expressly disqualified or such discretion is granted by statute. State v. North, 159 Fla. 351, 32 So.2d 14 (1947).
Appellant asserts, however, that the release of rights contained in the separation agreement and signed by the wife, when read in conjunction with section 732.702, Florida Statutes (1981),[1] constitutes a renunciation by the wife of her right to serve as personal representative of the estate.[2] We find nothing in the statute to support that position. The privilege of serving as personal representative of a testator's estate is neither an "elective share, intestate share, pretermitted share, homestead property, exempt property ..." nor is it a "benefit that would otherwise pass to [the wife] by intestate succession or by the provisions of [decedent's] will ...". Had the legislature intended the statute to cut off the *533 right of a nominated personal representative to serve in that capacity because of the execution of a property settlement agreement, it would have said so.
AFFIRMED.
FRANK D. UPCHURCH, Jr., and COWART, JJ., concur.
NOTES
[1] § 732.702 Fla. Stat. (1981):

(1) The right of election of a surviving spouse, the rights of the surviving spouse to the homestead, exempt property, and family allowance, or any of them, may be waived, wholly or partly, before or after marriage, by a written contract, agreement, or waiver, signed by the waiving party. Unless it provides to the contrary, a waiver of "all rights," or equivalent language, in the property or estate of a present or prospective spouse, or a complete property settlement entered into after, or in anticipation of, separation, dissolution of marriage, or divorce, is a waiver of all rights to elective share, intestate share, pretermitted share, homestead property, exempt property, and family allowance by each spouse in the property of the other and a renunciation by each of all benefits that would otherwise pass to either from the other by intestate succession or by the provisions of any will executed before the waiver or property settlement.
[2] Appellee is contesting the validity of the property settlement agreement, but the decision here would be the same if the agreement is valid or invalid.