SHARP, Judge.
Parr and Harrell appeal from a final declaratory judgment removing them as trustees under a “Contract for Care and Guardianship” of their mother, Grace Harrell. Under this agreement, Grace conveyed her home to the trustees and they agreed to provide for her care and support for the balance of her life, and upon her death, to divide the remainder of the property equally among her living children.[1] We reverse.
At the time of this litigation, Grace’s home had been sold, and the trustees were holding and managing a purchase money mortgage and various funds generated by the mortgage of the property. The present litigation commenced after Grace was declared incompetent in 1985. Peter Cushing was appointed guardian of her person and property. He filed this suit against appellants, alleging:
1. breach of trust;
2. replevin of the trust res; and
3. declaratory judgment determining the rights of the parties.
A hearing was held and the court made the following determinations:
1. The agreement was both a contract and an express[2] trust for the primary *1228 benefit of the now incompetent Grace Harrell;
2. Grace Harrell’s children were contingent beneficiaries (becoming vested upon her death);
3. Peter Cushing, Guardian, did not have power to revoke the agreement;
4. Grace Harrell, as beneficiary of the trust, had an equitable property interest pursuant to § 744.102(7);
5. All or some of the trust res was outside Florida, and directed the trustees to bring the res within Orange County to ensure efficient conduct of the trust pursuant to § 737.305.
With regard to removal of the trustees, the court found:
[i]t is not efficient or in the best interest of Grace Harrell as Ward and as Beneficiary to have the funds of the Trust and Guardianship administered by different persons. Delays, double efforts, possible duplication of fees and expenses, and other disadvantages exist as to that arrangement.
On the basis of these findings, the court provided that appellants could continue to serve as trustees and guardians if they secured the approval of Peter Cushing, all contingent beneficiaries and the probate judge. The court also provided that if said agreement and approval had not been obtained by May 23, 1987, then appellants would be directed to turn over the trust res to Peter Cushing as successor trustee.
Generally, removal of a trustee should be predicated upon a clear showing of abuse or wrongdoing in the actual administration of the trust. In Re Estate of Murphy, 336 So.2d 697 (Fla. 4th DCA 1976) (minimal mismanagement of trust insufficient to warrant removal of trustee). Hostility and/or tension between a trustee and potential beneficiaries of the trust does not by itself constitute a ground for such removal. Rand v. Giller, 489 So.2d 796 (Fla. 3d DCA 1986) (unanimous accord of beneficiaries to remove a personal representative is not by itself a ground for such removal).[3]
Here, there was no showing that appellants had not administered the trust in anything but an efficient manner. To warrant their removal, a showing of actual not potential mismanagement must be made. A proper balance is thereby achieved between a settlor’s right to appoint the person(s) of his choice as trustee^), with the court’s interest of ensuring its proper and efficient administration.[4] Conditioning appellants’ continuation as trustees upon the approval of contingent beneficiaries demonstrates that the only basis for removal was friction among the contingent beneficiaries. Removal for this reason was an abuse of discretion. Accordingly, the final declaratory judgment is
REVERSED.
UPCHURCH and COBB, JJ., concur.

. Presently, her living children consist of six people, including appellants.

. Although the final declaratory judgment uses the term "constructive" trust, it is obvious “express” trust was intended. Express trusts are intentionally created by the direct and positive acts of the settlor, e.g., by some writing, deed, will or declaration; whereas a constructive trust *1228 is created by a court of equity, where a fraud or wrongdoing will result in unjust enrichment, irrespective of the intention of the parties concerned. See: G. Bogert, The Law of Trusts and Trustees, §§ 1, 471 (rev. 2d ed. 1978); 76 Am. Jur.2d, Trusts, § 15 (1975).

. For additional discussion on grounds for removal of a trustee, see also: G. Bogert, The Law of Trusts and Trustees, § 527 (rev.2d ed. 1978); 56 Fla.Jur.2d Trusts, § 29 at 49-51 (1985).

. See In Re Estate of Senz, 417 So.2d 325 (Fla. 4th DCA 1982); rev. denied, 426 So.2d 28 (Fla.1983) (court's interest in assuring proper administration of trust was greater than testator’s right to name her representative in light of malfeasance.)