528 So.2d 441 (1988)
William C. PONTRELLO, Appellant,
v.
ESTATE OF Kenneth C. KEPLER, Deceased, Appellee.
No. 87-2033.
District Court of Appeal of Florida, Second District.
June 22, 1988.
Richard T. Earle, Jr. of Earle and Earle, St. Petersburg, for appellant.
*442 Bruce Marger and David A. Thompson of Goldner, Reams, Marger, Davis, Piper & Bartlett, P.A., St. Petersburg, for appellee.
SCHOONOVER, Judge.
The appellant, William C. Pontrello, challenges an order denying his petition for administration of the estate of Kenneth C. Kepler. We reverse.
Mr. Kepler executed his last will and testament in 1980. In 1984, he executed a codicil naming the appellant, an attorney, as personal representative of his estate. Mr. Kepler was adjudged incompetent in June 1986, and his wife, B. Lynnette Kepler, was appointed guardian of his person and property. After Mr. Kepler's death on April 29, 1987, his widow and his adult daughter, Danielle A. Kepler, filed a petition for administration of the estate. The appellant filed a similar petition.
Both petitions alleged that the estate consisted of real estate, bank accounts, mortgages, and personal property with an approximate value of $1,637,884.02. The appellant's petition alleged that he was entitled to preference in appointment as personal representative because he was named in the codicil to Mr. Kepler's will. The petition filed by the widow and adult daughter alleged that the appellant was not qualified by character, ability, experience, adverse interest, and hostility to those immediately interested in the estate and requested that they be appointed co-personal representatives.
After the final hearing in this matter, the court entered an order which provided:
The Court finds that there is no substantial evidence reflecting that Mr. Pontrello is not qualified to serve by character, ability and experience. The Court finds that the Estate holds a second mortgage on property owned by Mr. Pontrello to secure payment of the sum of $20,000 which mortgage does not become due until 1991. The Court finds that Mr. Pontrello is not disqualified to serve as Personal Representative because of any adverse interest arising out of said indebtedness and mortgage.
The Court finds that there is hostility between B. Lynnette Kepler and Danielle A. Kepler, the daughter of the decedent, and Mr. Pontrello. As a result of said hostility, it is apparent to the Court that if Mr. Pontrello is appointed Personal Representative of the Estate, there will be dissention [sic] between Mr. Pontrello, Mrs. Kepler and Danielle A. Kepler, which will probably cause unnecessary litigation, attorneys fees, Personal Representative's commission and costs and will impede the administration of the Estate. The Court further finds that because Mrs. Kepler had been serving as the Guardian of the decedent, she has knowledge of the full nature and extent of the assets of the Estate and the actions which should be taken in relation thereto. The appointment of Mr. Pontrello as Personal Representative would require an unnecessary expenditure of time, effort and money in enabling him to acquire said knowledge of the assets of the Estate and the actions which should be taken in relation thereto.
As a result of the Findings of Fact in the preceding paragraph, the Court finds that it is to the best interests of the Estate and the persons beneficially interested therein that B. Lynnette Kepler and Danielle A. Kepler be appointed Personal Representatives of this Estate and the Petition of William G. Pontrello for his appointment be denied.
This timely appeal followed.
We are herein called upon to determine if a trial court has any discretion to refuse to appoint the personal representative named in a will if such person meets all of the statutory qualifications for appointment. See §§ 733.302-733.305, Fla. Stat. (1985). It is a well recognized principle of law that a testator has the right to name the person who shall administer his estate provided such person is not disqualified by law. E.g., State v. North, 159 Fla. 351, 32 So.2d 14 (1947); Estate of Kenton v. Kenton, 423 So.2d 531 (Fla. 5th DCA 1982), petition for review denied, 436 So.2d 99 (Fla. 1983). Ordinarily, courts have no discretion but to issue letters testamentary to the person nominated in the will, *443 unless such a person is expressly disqualified or such discretion is granted by statute. North; Estate of Kenton. See also, Dutcher v. Estate of Dutcher, 437 So.2d 788 (Fla. 2d DCA 1983); In re Estate of Murphy, 336 So.2d 697 (Fla. 4th DCA 1976); In re Estate of Jose, 164 So.2d 888 (Fla. 2d DCA 1964); § 733.301, Fla. Stat. (1985); 31 Am.Jur.2d Executors and Administrators § 46 (1967); Annotation, Power of Court to Refuse Letters Testamentary to One Named in Will as Executor, Absent Specific Statutory Disqualification, 95 A.L.R. 828 (1935). Notwithstanding these firmly established principles of law, however, this court has recognized that in some circumstances a trial court may exercise a very limited discretion to refuse to appoint such a personal representative. For example, the exercise of this narrow discretion would be appropriate if after the personal representative is named in the will, unforeseen circumstances arise which clearly would have affected the testator's decision had he been aware of such circumstances, but the testator had no reasonable opportunity prior to his death to change the designation of the personal representative in his will. See, e.g., In re Estate of Maxcy, 240 So.2d 93 (Fla. 2d DCA 1970), cert. denied, 244 So.2d 435, 244 So.2d 437 (Fla. 1971) (trial court should have refused to appoint testator's widow as co-executrix when court found widow was involved in planning testator's murder); cf. Estate of Kenton (decedent's wife properly appointed as executrix as provided in will even though she had entered into separation agreement in anticipation of divorce approximately forty-five days before decedent's death). Because such unforeseen circumstances do not exist in this case and the parties agree that the appellant is statutorily qualified to serve as personal representative, the court erred in refusing to appoint him as personal representative as designated in the codicil to the decedent's will.
The appellees' reliance on this court's holding in In re Estate of Snyder, 333 So.2d 519 (Fla. 2d DCA 1976), to support the trial court's exercise of discretion here is misplaced. In Snyder, this court affirmed a trial court's refusal to appoint a person who had a statutory preference to serve as administrator of an intestate estate although he was statutorily qualified to hold the position. In so doing, we held that a court does not have to appoint a statutorily qualified person as administrator of an estate if there is sufficient evidence to find that he is not qualified by character, ability, and experience to serve in the important capacity demanded of an administrator of an estate. We stated that where the record supports the conclusion that a person occupying the position of statutory preference does not have the qualities and characteristics necessary to properly perform the duties of an administrator, it would be an anomaly to hold that a probate court, which has historically applied equitable principles in making its judgments, does not have the discretion to refuse to appoint him simply because he did not fall within the enumerated list of statutory disqualifications. Here, however, the court found that the appellant was not disqualified because of character, ability, and experience. More importantly, unlike the situation in Snyder where the court was dealing with the appointment of an administrator for an intestate estate, we are dealing here with an executor who had been specifically appointed by the decedent.
The distinction between an executor named in a will and an administrator appointed by the court is significant because the executor derives his powers from the appointment of the testator and not from appointment by the court. Cf. Comerford v. Cherry, 100 So.2d 385 (Fla. 1958) (testamentary guardian derives his powers from appointment by testator, not from appointment by court). A judge treads on sacred ground, not only when he overrides the testator's directions regarding the custody of his children, but also when he overrides the testator's directions regarding the appointment of the person in whom the decedent placed his trust to administer his estate according to the powers given in the will. See Comerford.
One could argue that if a trial court's findings would support the removal *444 of a nominated personal representative, the court should have the discretion to refuse to appoint him. The time for determining whether the person nominated in the will is qualified to serve, however, must be when the appointment is made by the court. The question of whether that person is unsuitable to continue as personal representative is determined when the question of removal arises and under an entirely different statute, see § 733.504, Fla. Stat. (1985), from the statutes governing the appointment of personal representatives. See §§ 733.301-733.305, Fla. Stat. (1985). See also, In re Zartner's Will, 183 Wis. 506, 198 N.W. 363 (1924). The removal statute, section 733.504, sets forth causes for removal which generally do not arise or are not discovered until after the appointment. Furthermore, since the legislature has provided separate and distinct statutes to deal with the appointment of the personal representative, the terms of the removal statute should not be read into the explicit appointive statutes. See Trustees of House of the Angel Guardian, Boston v. Donovan, 71 R.I. 407, 46 A.2d 717 (1946). This position is further supported by the general principle of statutory construction expressio unius est exclusio alterius that the mention of one thing implies the exclusion of another. Hence, where as here, a statute enumerates the things on which it is to operate, or forbids certain things, it is ordinarily to be construed as excluding from its operation all those not expressly mentioned. See Thayer v. State, 335 So.2d 815 (Fla. 1976); Seaboard System R.R. v. Clemente, 467 So.2d 348 (Fla. 3d DCA 1985); Escambia County Council on Aging v. Goldsmith, 465 So.2d 655 (Fla. 1st DCA 1985); Special Disability Trust Fund v. Motor and Compressor Co., 446 So.2d 224 (Fla. 1st DCA 1984); Florida Legal Services, Inc. v. State, 381 So.2d 1120 (Fla. 1st DCA 1979).
Even if we were to read the statute concerning removal into the qualification statutes, we would find that no statutory cause for removal existed in this case. The parties agree that since there was no court reporter at the hearing and the record cannot be reconstructed, we must accept the findings contained in the order appealed from. The court found that there is hostility between the appellant and the decedent's widow and adult daughter, that unnecessary costs and litigation probably would result from that hostility, and the administration of the estate would be impeded. Unfortunately, ill feelings, disputes, and strained relationships between heirs frequently exist. It does not necessarily follow, however, that such friction would prohibit one of them from being best qualified to act as personal representative. See Harper v. Estate of Harper, 271 So.2d 40 (Fla. 1st DCA 1973). We cannot approve the refusal to appoint the person named as personal representative in the decedent's will if he is otherwise qualified to serve just because the beneficiaries of the estate do not like him. If the person takes the required oath and agrees to faithfully administer the estate, he should be appointed. Of course, if the personal representative actually interferes with the proper administration of the estate, causes a waste of assets, or otherwise meets one of the conditions specified in section 733.504, he can be removed.
The court also found that the decedent's widow had knowledge of the full nature and extent of the assets of the estate and that the appointment of the appellant would require an unnecessary expenditure of time, effort, and money in enabling him to acquire such knowledge of the assets and the actions to be taken in relation thereto. This, however, is no reason to refuse to appoint or even to remove a person entrusted with the administration of an estate by a testator. See §§ 733.303 and 733.504.
Although the appellant can be removed after his appointment if cause for his removal arises under section 733.504, the court cannot refuse to appoint him on the grounds that he may be subject to removal later. We, accordingly, reverse and remand with instructions to grant the appellant's petition for administration of the estate.
*445 Reversed and remanded with instructions.
SCHEB, A.C.J., concurs.
CAMPBELL, J., dissents with opinion.
CAMPBELL, Judge, dissents.
In this appeal, we are asked to decide whether a trial judge, in the administration of a decedent's estate, has any discretion to refuse to appoint as personal representative, for reasons other than specifically enumerated statutory disqualifications, the person nominated in decedent's will. In the rather limited circumstances of this case, as revealed by the record before us, I conclude that such discretion does exist. In doing so, I would emphasize that my determination is anchored in the conclusion that a trial judge may refuse to appoint a personal representative named in a will upon the basis of facts presented to the appointing judge at the time of appointment that, if presented after the appointment, would support removal of the personal representative. I would, therefore, affirm the order of the trial court below which granted letters of administration to decedent's widow and adult daughter.
Decedent's widow and children were the beneficiaries of his estate. Appellant is an attorney who, in 1984, prepared a codicil to decedent's 1980 will that added a specific bequest to decedent's granddaughter and named appellant as personal representative of decedent's estate. Decedent was adjudged incompetent in June 1986, and his wife was appointed guardian of his person and property. Decedent died on April 29, 1987. Decedent's widow and adult daughter filed their petition for administration of decedent's estate alleging that the estate had an approximate value of $1,637,884.02, consisting of real estate, bank accounts, mortgage and personal property. Their petition further alleged that:
C. The family was dependent upon Mr. Pontrello for information. Mr. Pontrello therefore served as attorney for B. Lynnette Keper, [sic] as guardian of the property of her deceased husband. Said petitioner had to terminate the services of Mr. Pontrello as her attorney because of his inability to properly handle such services. In particular, he failed to properly carry out collection and other assignments, failed to communicate with said petitioner, and was generally neglectful of his duties.
D. The assets of this estate consist substantially of real property, which is encumbered. Decedent was obligated on credit cards for approximately $17,000.00. Mortgage indebtedness will mature during administration. Both petitioners are licensed as real estate sales persons; have experience in property management, and have been otherwise handling the real property affairs of the estate as the guardian and family. It is essential that they have the ability to function as personal representatives to carry out time consuming and complex activities. Mismanagement could result in insolvency and inability to support decedent's family who are dependent [sic] upon the estate. They found it most difficult to work with Mr. Pontrello, when he acted as attorney, and his services would only duplicate their necessary services and would create unnecessary conflicts which they are emotionally fearful of incurring for their good and those of the minor children of decedent.
E. It was necessary, in the interest of the family and the decedent, to obtain court permission for termination of technologically furnished nutrition and hydration. Mr. Pontrello indicated a strong repugnance and displeasure for this action. Petitioners are concerned that this hostility will continue and wish to be released of continued contact with him.
Appellant also filed a petition for administration. The trial judge, in the order on petition for administration that is the subject of this appeal, granted the petition of decedent's widow and daughter and denied appellant's petition based upon the findings as set forth in the majority opinion.
Appellant concedes that we must accept the findings of the trial judge as established by the facts presented below since *446 there was no court reporter at the hearings below and the record cannot be further reconstructed. Appellant rests his argument primarily on the basis that the trial judge had no discretion to refuse to appoint the personal representative named in decedent's will except for the statutory disqualifications provided in sections 733.301 through 733.304, Florida Statutes (1985). Appellant urges to us State v. North, 159 Fla. 351, 32 So.2d 14 (1947), Estate of Kenton v. Kenton, 423 So.2d 531 (Fla. 5th DCA 1982) and In re Estate of Murphy, 336 So.2d 697 (Fla. 4th DCA 1976), as primary support for his position.
In each of those cases, the reviewing court affirmed the actions of the trial courts in regard to the appointment or removal of the personal representative. The supreme court in North stated what is obviously still a correct principle of law, that: "The rule is well settled that ordinarily courts have no discretion in respect to the issue of letters to the persons nominated in the will, unless such persons are expressly disqualified or such discretion is granted by statute." 32 So.2d at 18 (Citation omitted).
The court in Murphy affirmed the trial court's refusal to remove a personal representative for hostility that had arisen between the executor and a beneficiary. However, the Murphy court found that:
The mere fact that a certain hostility has arisen between a beneficiary and the executor absent some showing of wrongdoing on the part of the executor or other factors which will prejudice the administration does not warrant such drastic action as removal. In re Estate of Beichner [432 Pa. 150, 247 A.2d 779 (1968)], supra; In re Hartt's Estate, 75 Wyo. 305, 295 P.2d 985 (1956). Our close examination of the testimony in this case leads us to the conclusion that the trial court could well find that there was no showing that the administration would be prejudiced or endangered by Mr. Pace's continuing to act pursuant to his nomination by the decedent as a coexecutor. We must also keep in mind that the administration of this estate remains under the continuing jurisdiction of the court, and should reason arise for removal in the future the court may entertain another petition for removal.
336 So.2d at 699.
Contrasted with those findings are the findings by the trial judge in this case that it was apparent to him that the hostility between appellant and the beneficiaries will probably result in unnecessary litigation and costs and "will impede the administration of the Estate." In addition, I construe the overall scheme of the Florida Probate Code, Chapter 733, Florida Statutes (1985), to provide, as recognized in North, that a modicum of "such discretion is granted by statute." 32 So.2d at 18. This court has recognized that discretion exists apart from statutory disqualifications in regard to the order of preference for appointment of personal representatives in intestate estates in In re Estate of Snyder, 333 So.2d 519 (Fla. 2d DCA 1976). I do not conclude, as does the majority, that appellee's reliance on Snyder is misplaced.
Justice Grimes, writing for this court in Snyder, concluded and held that:
The administrator of an estate occupies a fiduciary capacity. His responsibilities flow to many others, including the creditors, the interested taxing authorities and the remaining beneficiaries of the estate. See In re Estate of Jeffress, Fla.App.2d 1974, 301 So.2d 25. Where the record supports the conclusion that a person occupying the position of statutory preference does not have the qualities and characteristics necessary to properly perform the duties of an administrator, it would be an anomaly to hold that a probate court, which has historically applied equitable principles in making its judgments, does not have the discretion to refuse to appoint him simply because he did not fall within the enumerated list of statutory disqualifications.
333 So.2d at 521.
Snyder was decided on the basis of the law as it existed prior to January 1, 1976, when the new Florida Probate Code was adopted. At the time pertinent to Snyder, *447 then section 732.44, Florida Statutes (1973) made reference to "preferences" for appointment of personal representative only in regard to intestate estates. With the adoption of section 733.301, effective January 1, 1976, (the successor statute to 732.44) "preferences" for appointment were specifically enumerated for both testate and intestate estates. In addition, section 733.602(1) describes the duties of a personal representative in the following terms:
A personal representative is a fiduciary who shall observe the standards of care applicable to trustees as described by s. 737.302. A personal representative is under a duty to settle and distribute the estate of the decedent in accordance with the terms of the decedent's will and this code as expeditiously and efficiently as is consistent with the best interests of the estate. He shall use the authority conferred upon him by this code, the authority in the will, if any, and the authority of any order in proceedings to which he is party, for the best interests of interested persons.
Section 733.504 specifies among the grounds for removal of a personal representative the following:
(5) The wasting or maladministration of the estate.
... .
(9) The holding or acquiring by the personal representative of conflicting or adverse interests against the estate that will or may adversely interfere with the administration of the estate as a whole. This cause of removal shall not apply to the surviving spouse because of the exercise of the right to the elective share, family allowance, or exemptions, as provided elsewhere in this code.
The trial court below found that appointment of appellant as personal representative would result in what I consider to be the equivalent of "wasting or maladministration of the estate" and a failure to "expeditiously and efficiently as is consistent with the best interests of the estate" settle and distribute the estate "for the best interests of interested persons."
If the trial judge had made those same findings after the appointment of appellant as personal representative, I am of the opinion that he could have removed appellant. As did this court in Snyder, I consider it would be an anomaly to hold that if the court may properly make those findings prior to appointment, it cannot refuse to appoint when, if it made the same findings after appointment, it could later remove. It would, to me, be absurd to force the appointing court to wait until the estate or persons interested in the estate had actually suffered the detriment that was reasonably demonstrated would occur. In this case, the findings of the trial judge are not attacked as being improper.
I, therefore, respectfully dissent from the conclusions of my colleagues in the majority opinion. I would affirm the order of the trial judge.