571 So.2d 90 (1990)
In re ESTATE OF Jeremy MINDLIN, Deceased.
Leo Mindlin, Appellant,
v.
Karen Mindlin, Appellee.
No. 89-02978.
District Court of Appeal of Florida, Second District.
December 14, 1990.
Daniel Joy of Joy, Gause, Genson & Moran, Chartered, for appellant.
Theodore Parker of Theodore Parker, P.A., Sarasota, for appellee.
PER CURIAM.
The appellant, Leo Mindlin, challenges an order denying his petition to be appointed personal representative of the estate of his son, Jeremy Mindlin. We reverse.
Jeremy Mindlin executed a last will and testament in 1984 nominating his father, Leo Mindlin, as personal representative. Subsequent to executing the will, Jeremy married the appellee, Karen Mindlin. At no time during the marriage was a new will or codicil executed.
After Jeremy's death, both parties petitioned for appointment as personal representative *91 of his estate. The appellant sought appointment on the basis that he was nominated in his late son's will. The appellee sought appointment based upon her status as a pretermitted spouse. The trial court determined Mrs. Mindlin to be a pretermitted spouse and appointed her personal representative. This timely appeal followed.
It is well established that a testator has the right to name the person who shall administer his estate provided such person is not disqualified by law. In re Kenton's Estate v. Kenton, 423 So.2d 531 (Fla. 5th DCA 1982), rev. denied, 436 So.2d 99 (Fla. 1983). A trial court has no discretion to refuse to appoint as personal representative the person named in a will if that person meets all of the statutory qualifications and no unforeseen circumstances arise which clearly would have affected the testator's decision to name the personal representative had he been aware of the same. Pontrello v. Estate of Kenneth C. Kepler, 528 So.2d 441 (Fla. 2d DCA 1988). There was no evidence presented that the appellant was not qualified for appointment as personal representative, nor was there any evidence of unforeseen circumstances which would have affected the testator's decision. Therefore, the trial court had no discretion to override the testator's desire to have the appellant appointed as personal representative.
We, accordingly, reverse the order naming Karen Mindlin as personal representative and remand with instructions to name Leo Mindlin as personal representative.
Reversed and remanded with instructions.
SCHOONOVER, C.J., and LEHAN and ALTENBERND, JJ., concur.