PER CURIAM.
We conclude that no error has been demonstrated in the order under review save for that portion of the order which denies the appointment of Dennis Murphy, Jr. as the successor personal representative of the Estate of Eileen Ellis Murphy.
Mr. Murphy is named in the testator’s will as the alternate personal representative, and no legal reason has been shown below why he is legally disqualified from so serving in accord with the testator’s wishes. Plainly, Mr. Murphy has no conflict of interest with respect to this estate such as the conflict of interest which Eileen Brake has and which, quite properly, led to Mrs. Brake’s removal as personal representative. The trial court, nonetheless, declined to appoint Mr. Murphy because it concluded that he would not be objective and neutral and would not serve the best interest of the estate as he has in the past taken sides with respect to certain disputes which have arisen in this estate. We do not understand, however, that taking positions concerning estate disputes constitutes a legal reason for disqualifying Mr. Murphy; plainly a personal representative often must take sides in disputes which may arise with respect to an estate. State v. North, 159 Fla. 351, 32 So.2d 14 (1947); In re Estate of Mindlin, 571 So.2d 90 (Fla. 2d DCA 1990); In re Estate of Kenton, 423 So.2d 531 (Fla. 5th DCA 1982), rev. denied, 436 So.2d 99 (Fla.1983); § 733.301(l)(a), Fla.Stat. (1989).
The order under review is affirmed, save for that portion of the order which appoints Herbert Stettin as the successor personal representative of the Estate of Eileen Ellis Murphy, and the cause is remanded to the trial court with directions to appoint Dennis Murphy, Jr. as the successor personal representative of the above estate.
Affirmed in part; reversed in part and remanded.