PER CURIAM.
This is the fifth motion to enforce our mandate in Brake v. Murphy, 591 So.2d 1025 (Fla. 3d DCA 1991), in which we reversed a trial court order entered in the probate of the estate of Eileen Ellis Murphy and directed that Dennis L. Murphy, Jr. be named as the successor personal representative of the subject estate. The trial court complied with our mandate upon remand by appointing Mr. Murphy as the successor personal representative of the estate. Since then, however, the trial court has entered certain orders appointing administrators ad litem with respect to the estate. The validity of the order appointing Gladys Navarro as administrator ad litem of the estate is attacked on this motion to enforce mandate; we have previously vacated a prior trial court order appointing another administrator ad litem of the estate in response to an earlier motion to enforce mandate.
Upon review of this record, which is voluminous, we conclude that the trial court properly appointed Gladys Navarro as administrator ad litem of the subject estate as to all matters in which Dennis L. Murphy, Jr. has a conflict of interest with the estate. This order was entered based on facts which have been developed since the issuance of our mandate and is entirely proper; indeed, we have previously denied a fourth motion to enforce mandate which sought to vacate the same appointment of this same administrator ad litem. See Fla.Prob.R. 5.120(a); In re Estate of Miller, 568 So.2d 487, 489 (Fla. 1st DCA 1990); Woolf v. Reed, 389 So.2d 1026, 1028 (Fla. 3d DCA 1980). Accordingly, the *326 fifth motion to enforce mandate is also denied.
Moreover, in view of the developments in this case since our mandate, we authorize the trial court to entertain a motion to remove Dennis L. Murphy, Jr. as the successor personal representative of the subject estate and to appoint another successor personal representative.
It is so ordered.