DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**JANE EISENPRESSER,**
Appellant,

v.

**NANCY KOENIG** and **THE ESTATE OF HARRIET NUMEROFF,**
Appellees.

No. 4D16-3444

[February 14, 2018]

Appeal from the Circuit Court for the Fifteenth Judicial Circuit, Palm Beach County; David French, Judge; L.T. Case No. 2013CP004056XXXXSB.

Brandan J. Pratt and Jennifer L. Fox of Huth, Pratt & Milhauser, Boca Raton, for appellant.

Ronald P. Ponzoli, Jr. and John G. White, III, of GrayRobinson, P.A, Boca Raton, for appellees.

PER CURIAM.

Appellant Jane Eisenpresser seeks to reverse the trial court's final judgment as to her petition for removal and surcharge of personal representative Nancy Koenig. Appellant further challenges portions of the trial court's order regarding her amended objections to the personal representative's final accounting and petition for discharge. With one exception, we affirm the trial court without further comment, as the final judgment and order are in accord with the applicable law, supported by competent substantial evidence, and not indicative of an abuse of discretion on the part of the trial court.[1]

As noted above, we reverse with respect to one issue addressed on appeal, a piece of jewelry identified as item number 157. The parties agreed that the decedent bequeathed certain personal property to

---

[1] *See In re Murphy's Estate*, 336 So. 2d 697, 699 (Fla. 4th DCA 1976) (a trial court's decision on a petition for removal of a personal representative is reviewed for an abuse of discretion).

individually identified heirs. Appellant testified that the heir who purchased an item for the decedent would inherit the item upon the decedent's death. During closing argument, Appellees' counsel stated that Koenig, also an heir of the decedent, had originally purchased and gifted this jewelry item to decedent. Beyond this bare assertion, however, Appellee offered no proof to support the claim that Koenig purchased jewelry item 157 or that the decedent intended the item for Koenig. By contrast, jewelry item 157 was clearly identified in the statement of personal property attached to decedent's will as to be gifted to Appellant.

This Court decides whether factual findings of the trial court are supported by competent substantial evidence. *Grant v. Bessemer Tr. Co. of Fla., Inc. ex rel. Grant*, 117 So. 3d 830, 835-36 (Fla. 4th DCA 2013); *Acoustics Innovations, Inc. v. Schafer*, 976 So. 2d 1139, 1143 (Fla. 4th DCA 2008). For the trial court to find that the decedent had the intent to give item 157 to Koenig despite the unambiguous language of the will, Koenig would have to show this purported mistake of fact by clear and convincing evidence.

> Upon application of any interested person, the court may reform the terms of a will, even if unambiguous, to conform the terms to the testator's intent if it is proved by clear and convincing evidence that both the accomplishment of the testator's intent and the terms of the will were affected by a mistake of fact or law, whether in expression or inducement. In determining the testator's original intent, the court may consider evidence relevant to the testator's intent even though the evidence contradicts an apparent plain meaning of the will.

§ 732.615, Fla. Stat. (2016).

The decedent's will unambiguously bequeathed jewelry item 157 to Appellant, and Appellee presented no evidence, let alone clear and convincing evidence, to contradict this bequest. A statement made by counsel in closing is not "evidence." *See, e.g.*, *Ruiz v. State*, 743 So. 2d 1, 4 (Fla. 1999) (the role of the attorney in closing argument "is not for the purpose of permitting counsel to 'testify' as an 'expert witness'"). Therefore, we reverse and remand with instructions that the trial court grant jewelry item 157 to Appellant. We otherwise affirm the final judgment and order in full.

*Affirmed in part, reversed in part.*

2

WARNER, GROSS and FORST, JJ., concur.

\* \* \*

*Not final until disposition of timely filed motion for rehearing.*