POWELL, GILLIS E., Associate Judge.
This is an appeal from an order of the County Judge of Duval County in an estate administration.
Stella E. Harper, age 80, died intestate leaving two sons and two daughters as heirs. The oldest son petitioned for appointment as administrator. One sister joined in his petition. The County Judge granted the petition and granted letters of administration without notice or citation on the other brother and sister, who are the appellants herein.
Subsequent thereto, appellants filed a petition alleging that decided differences existed between the heirs, objecting to the appointment of the oldest son as administrator, asking for revocation thereof, and the appointment of a disinterested administrator. We note here that this petition was filed in the estate proceeding, likewise, without any citation or notice on the other two heirs except for service upon the attorney for the estate.
The oldest son, as administrator, filed a motion to dismiss the petition. Upon hearing thereon, the County Judge denied the appellants’ petition from which this appeal ensued.
The gist of appellants’ position is that all the heirs were of equal preference and under the applicable law citation and notice upon them was mandatory prior to the issuance of the letters of administration.
F.S. Section 732.43(3), F.S.A., provides:
“732.43 Petition for Letters of Administration— (3) No citation need be served or notice given of the granting of letters of administration when it appears by the petition that the petitioner is entitled to preference of appointment; but, before letters shall be granted to any person who is not entitled to preference, citation shall issue to all known persons qualified to act as administrator and entitled to preference over the person applying, unless those entitled to preference waive same in writing.”
Obviously, the statute contemplates and requires citation and it was error not to issue citation upon the appellants. This rule has been clearly enunciated by our Supreme Court of Florida In Re: Estate of Bush, 80 So.2d 673 (Fla.1955).
“The provisions of Subsection 3, Section 732.43, supra, are mandatory, not permissive, and unless a citation is issued to those entitled to preference and whose whereabouts are known, the County Judge lacked an essential jurisdictional element over the person whose interest is affected.”
If this constituted the sole question before us, we would be compelled to rule with the appellants and reverse. However, there are other factors and sections of our probate statutes applicable to the case at bar that are controlling. We refer to F.S. Section 732.44(3), F.S.A., which provides:
“732.44 Preference in Appointment of Administrator. — . . . (3) If there are several next of kin, equally near in degree, the one selected in writing by a majority of them who are sui juris shall be appointed. If no such selection is thus made, the county judge may exercise his discretion in selecting the one best qualified for the office.”,
and to F.S. Section 732.44(6), F.S.A.:
“(6) After letters of administration have been granted, if any person who is entitled to preference over the person appointed and upon whom citation was not served and who has not waived his preference seeks the appointment, letters *42 granted may be revoked, and such person may have letters of administration granted to him after citation and hearing upon his application.”
Subsection (3) above provides if there are several next of kin equal in degree, the one selected in writing by the majority of them shall be appointed. Further, that if no such selection is thus made, the County Judge may exercise his discretion in selecting the one best qualified. The record discloses that the County Judge treated the petition of the appellants for the appointment of a disinterested administrator as a petition to remove the administrator. Further, in the order appealed from, the County Judge recites that the parties were before the Court and that testimony was offered, to wit:
. . and petitioners and their counsel and the administrator and his counsel being before the Court and having offered testimony, and the Court having heard argument of counsel, upon consideration, . . .”
The appellants request this Court to reverse the County Judge and to direct him to conduct a hearing to enable a presentation of evidence concerning the selection of a different personal representative. As previously stated, the basis for their position is the differences existing between the heirs. Unfortunately, ill feelings, disputes and strained relationships between heirs frequently exist. It does not necessarily follow, however, that this would prohibit one of them from being best qualified to act as personal representative. The judge obviously determined that the relationship between these heirs was not of such nature to prohibit the appointee from faithfully discharging his duties. The selection of the administrator in this case was a matter properly within the discretion of the County Judge. We fail to see the practicality of requiring him to hold another hearing to decide what he has already decided.
Therefore, the order appealed from is affirmed.
RAWLS, Acting C. J., and WIGGIN-TON, J., concur.