333 So.2d 519 (1976)
In re the ESTATE of Josephine Johnson SNYDER, a/k/a Josephine Porter Hill Snyder, Deceased.
No. 75-1552.
District Court of Appeal of Florida, Second District.
June 11, 1976.
Russell A. Meade, of Bernstein, Sherr, Hodges, Lancer & Brand, Sarasota, for appellant.
David S. Yost of Lyons & Beaudry, Sarasota, for appellee.
GRIMES, Judge.
Josephine Johnson Snyder died intestate, survived by her husband and three adult children. The children petitioned to be appointed as co-administrators of the estate or in the alternative for the appointment of Allan M. Lichtenstein, a Certified Public Accountant, as administrator. The petition was opposed by the husband who sought to have himself appointed as administrator. Following a hearing at which evidence was submitted concerning the husband's character and ability and his relationship to the decedent, the court appointed Lichtenstein as the administrator. The husband brings this appeal asserting his right to be appointed administrator.
Since the order was entered before January 1, 1976, the pertinent statutes are those which were in effect prior to the new Florida Probate Code. Fla. Stat. § 732.44 (1973) provided:
"In the granting of letters of administration, the following preference shall be observed:
(1) The surviving spouse shall first be entitled to letters... ."
Fla. Stat. § 732.45 (1973) specified that a person who has been convicted of a felony or who from sickness, intemperance or *520 want of understanding is incompetent to discharge his duties cannot be appointed as a personal representative. Likewise, a minor could not serve by reason of Fla. Stat. § 732.46 (1973). Since appellant was not disqualified under these statutes, he contends that he was entitled to be appointed as a matter of right.
Both parties cite cases involving the question of whether the conduct of a surviving spouse has been so outrageous as to estop him from inheriting under the laws of intestacy. E.g., Doherty v. Traxler, Fla. 1953, 66 So.2d 274; Kreisel v. Ingham, Fla.App.2d, 1959, 113 So.2d 205; Nedd v. Starry, Fla.App.1st, 1962, 143 So.2d 522. In these cases the right to appointment as administrator was incidental to the issue of inheritance. In our view, the right to be appointed administrator is not necessarily measured by the same standard used in determining the right to inherit.
The record reveals the trial judge had before him sufficient evidence to persuade him that the husband was not qualified by character, ability and experience to serve in the important capacity demanded of an administrator for an estate. Therefore, the narrow question which remains is whether the court could legally refuse to appoint appellant administrator when he was not specifically disqualified by the statute. There is a split of authority on this point. See 80 A.L.R. 824; 33 C.J.S. Executors and Administrators, 924. Some courts hold that a party having preference and who is not disqualified by the statute has an absolute right to the appointment. E.g., Calvert v. Beck, 1941, 240 Ala. 442, 199 So. 846. Others hold that the probate court has discretion to determine whether or not a party is qualified to serve. E.g., In re Abell's Estate, 1946, 395 Ill. 337, 70 N.E.2d 252; In re Langill's Estate, 1921, 117 Wash. 268, 201 P. 28. We incline toward the latter view.
The applicable Illinois statutes in the case of In re Abell's Estate, supra, were similar to ours in that one section of the probate act provided for preferences and another specifically set forth certain infirmities which would preclude appointment. In response to the contention that a party occupying a position of statutory preference but who was not specifically disqualified had an absolute right to appointment, the court said:
"The literal interpretation of section 96 of the Probate Act advanced by appellants is contrary to familiar rules of statutory construction. Since statutes are to be construed according to their intent and meaning, a situation which is within the object, spirit and meaning of a statute is regarded as within the statute although not within the letter. Burke v. Industrial Com., 368 Ill. 554, 15 N.E.2d 305, 119 A.L.R. 1152. Conversely, a situation within the letter is not regarded as within the statute unless also within its object, spirit and meaning. People ex rel. Simpson v. Funkhouser, 385 Ill. 396, 52 N.E.2d 1014. Apart from the fact that appellants have invoked the preferential right of appointment upon a previous occasion, the statute neither expressly nor by implication confers an absolute right to persons within one of the eight enumerated classes to be appointed an administrator. Unsuitableness to administer may well consist in an adverse interest of some kind, or hostility to those immediately interested in the estate, whether as creditors or distributees, or even of an interest adverse to the estate itself. 23 C.J. Executors and Administrators, sec. 117, 33 C.J.S. Executors and Administrators § 44. To hold that only insanity, conviction of an infamous crime, and minority bar the appointment of appellants as administrators would give the statute an absurd construction. If the language of a statute employed admits of two constructions, one of which makes the enactment *521 mischievous, if not absurd, and the other renders it reasonable and wholesome, the construction leading to an absurd result should be avoided. Inter-State Water Co. v. City of Danville, 379 Ill. 41, 39 N.E.2d 356."
The administrator of an estate occupies a fiduciary capacity. His responsibilities flow to many others, including the creditors, the interested taxing authorities and the remaining beneficiaries of the estate. See In re Estate of Jeffress, Fla. App.2d 1974, 301 So.2d 25. Where the record supports the conclusion that a person occupying the position of statutory preference does not have the qualities and characteristics necessary to properly perform the duties of an administrator, it would be an anomaly to hold that a probate court, which has historically applied equitable principles in making its judgments, does not have the discretion to refuse to appoint him simply because he did not fall within the enumerated list of statutory disqualifications.
AFFIRMED.
McNULTY, C.J., and SCHEB, J., concur.