676 So.2d 440 (1996)
Nancy Ann PADGETT, Appellant,
v.
The ESTATE OF Natasha Maria GILBERT, Appellee.
No. 95-1978.
District Court of Appeal of Florida, First District.
April 16, 1996.
Rehearing Denied August 5, 1996.
*441 James Harold Thompson of Macfarlane, Ausley, Ferguson & McMullen, Tallahassee, for Appellant/Cross-Appellee Nancy Ann Padgett.
Kenneth L. Connor and Camille Godwin of Connor & Associates, Tallahassee; James J. McVeigh, Miami; and Albert A. Gordon, Coconut Grove, for Cross-Appellant Wilkerson Gilbert.
Robert D. Trammell and John A. Ratzlaff of Trammell & Ratzlaff, Marianna, for Appellee.
*442 VAN NORTWICK, Judge.
This cause is before us on appeal and cross-appeal from an order of the circuit court removing Appellant/Cross-Appellee Nancy Padgett (Padgett) as sole personal representative of her deceased minor daughter's estate because the respective interests of Padgett and Appellee/Cross-Appellant Wilkerson C. Gilbert (Gilbert), the deceased minor's father, in the estate are "divergent and conflicting"; precluding Gilbert, a convicted felon whose civil rights had been restored, from serving as personal representative pursuant to sections 733.302 and 733.303, Florida Statutes (1993); and appointing an administrator ad litem. We affirm that portion of the order removing Padgett as personal representative, but reverse the per se denial of Gilbert's appointment as personal representative, and remand with directions.
On appeal, Padgett argues that the lower court erred in removing her as personal representative because no competent and substantial evidence supports the finding that she and Gilbert had divergent and conflicting interests relating to the estate. Although we have some sympathy for Padgett's position based on the arguments made in the briefs, we are constrained to affirm the lower court's discretionary decision because no record of the hearing below has been provided; and, without a record, we cannot determine here if the circuit court committed reversible error. As the supreme court stated in Applegate v. Barnett Bank of Tallahassee, 377 So.2d 1150, 1152 (Fla.1979):
In appellate proceedings the decision of a trial court has the presumption of correctness and the burden is on the appellant to demonstrate error.
* * * * * *
When there are issues of fact the appellant necessarily asks the reviewing court to draw conclusions about the evidence. Without a record of the trial proceedings, the appellate court can not properly resolve the underlying factual issues so as to conclude that the trial court's judgment is not supported by the evidence or by an alternative theory. Without knowing the factual context, neither can an appellate court reasonably conclude that the trial judge so misconceived the law as to require reversal....
On cross-appeal, Gilbert argues that the lower court erred in precluding him, as a matter of law, from serving as personal representative of his daughter's estate on the basis of his prior felony conviction. Gilbert asserts that, because his civil rights were restored through the governor's constitutional power to grant clemency, he cannot now be precluded from becoming a personal representative by the legislative prohibition contained in sections 733.302 and 733.303, Florida Statutes.[1] For the reasons discussed below, while we agree that these statutes may not constitutionally provide an absolute disqualification of a convicted felon who has had his or her civil rights restored, on remand, under Sandlin v. Criminal Justice Standards and Training Commission, 531 So.2d 1344 (Fla.1988), the trial court may nevertheless consider Gilbert's prior conviction in ruling upon Gilbert's motion for appointment as personal representative. See, G.W. Liquors of Collier, Inc. v. Department of Business Regulation, 556 So.2d 464, 465 (Fla. 1st DCA 1990).
Article IV, section 8(a) of the Florida Constitution provides that "the governor may..., with the approval of three members of the cabinet, grant full or conditional pardons, restore civil rights, commute punishment, and remit fines and forfeitures for offenses." This constitutionally-based clemency power is exclusively granted to the executive branch *443 of state government, Sullivan v. Askew, 348 So.2d 312 (Fla.), cert. denied, 434 U.S. 878, 98 S.Ct. 232, 54 L.Ed.2d 159 (1977); In re Advisory Opinion of the Governor, 334 So.2d 561 (Fla.1976), and neither the legislature nor the judiciary may infringe upon the executive's clemency authority to grant pardons or restore civil rights. Sandlin, 531 So.2d at 1346.
In Sandlin, the commission refused to certify Sandlin, a convicted felon who had received a full pardon, as a police officer on the grounds that subsection 943.13(4), Florida Statutes (1985), barred the certification of an applicant "convicted of any felony or of a misdemeanor involving perjury or a false statement...." This court, while recognizing "that the power of pardon is vested exclusively in the executive branch," affirmed the commission's denial, concluding that "the legislature's legitimate exercise of its police power to protect the public welfare by precluding employment as police officers those who have been convicted of crimes" was not an unconstitutional encroachment upon the exercise of the clemency power. Sandlin v. Criminal Justice Standards & Training Comm'n, 518 So.2d 1292, 1297 (Fla. 1st DCA 1987), quashed, 531 So.2d 1344 (Fla.1988). In Sandlin, we certified as a question of great public importance whether a full pardon restoring an applicant's civil rights relieved him from the disqualification imposed by subsection 943.13(4). The supreme court answered the certified question in the affirmative and quashed the opinion of this court. The supreme court found in Sandlin that a "literal reading of subsection 943.13(4) creates a head-on confrontation between the legislature's power to enact laws to protect the public and the executive's power to pardon convicted felons." Sandlin, 531 So.2d at 1346. The supreme court avoided declaring the statute unconstitutional, however, by construing the statute's seemingly prohibitory language in a "nonliteral" manner as an expression of "general policy" when applied to a convicted felon with restored civil rights. Id. at 1347. Reasoning that "a pardon removes punishment, but not moral guilt," id. at 1346, the court found that the absolute disqualification imposed by the statute on a convicted felony was removed by a full pardon, but held that the commission had the broad discretion to refuse to certify if it deemed the applicant of bad character or otherwise unfit and "may take into account and rely upon the facts of Sandlin's pardoned convictions and may give weight to the general policy expressed in section 943.13." Id. at 1347.
The general moral character requirement in the applicable statute in Sandlin, which provides that applicants must have "good moral character," section 943.13(7), Florida Statutes (1985), would appear to grant the Sandlin commission broader discretion to consider issues of character than is granted the circuit court in appointing a personal representative. The applicable probate statutes, in addition to the bar on convicted felons, require only that persons seeking to qualify to act as a personal representative not be "incompetent to discharge the duties of a personal representative" as a result of "sickness, intemperance, or want of understanding," section 733.302, Florida Statutes (1993) or not be "mentally or physically unable to perform the duties," section 733.303(1)(b), Florida Statutes (1993). Although the probate statutes do not expressly impose a general requirement of "good moral character" for persons seeking to qualify as a personal representative, the circuit court has the inherent authority to consider a person's character, ability and experience to serve as personal representative and, if the record supports the conclusion that the person lacks the necessary qualities and characteristics, the discretion to refuse to appoint even a person occupying a position of statutory preference who is not specifically disqualified by the statute. In re the Estate of Snyder, 333 So.2d 519 (Fla. 2d DCA 1976).
Accordingly, in keeping with Sandlin, we hold that the provisions of sections 733.302 and 733.303 do not absolutely disqualify Gilbert, as a convicted felon who has received a restoration of civil rights, from consideration as a personal representative of his daughter's estate. We further hold that, in exercising its discretion in determining whether Gilbert possesses the necessary qualifications to serve in such a fiduciary *444 capacity, the trial court may consider Gilbert's character, ability and experience to act as a personal representative and any conflicting interests such as those which were considered in removing Padgett; and "may take into account and rely upon the circumstances surrounding his prior conviction ..." G.W. Liquors of Collier, Inc. v. Department of Business Regulation, 556 So.2d at 465; Sandlin, supra; In re the Estate of Snyder, supra.
AFFIRMED in part, REVERSED in part, and REMANDED with directions to reconsider Gilbert's motion for appointment as a personal representative in light of this opinion.
BOOTH and JOANOS, JJ., concur.
NOTES
[1] 733.302 Who may be appointed personal representative.Subject to the limitations in this part, any person sui juris who is a resident of Florida at the time of the death of the person whose estate he seeks to administer is qualified to act as personal representative in Florida. A person who has been convicted of a felony or who, from sickness, intemperance, or want of understanding, is incompetent to discharge the duties of a personal representative is not qualified. (Emphasis added).

733.303 Persons not qualified.
(1) A person is not qualified to act as a personal representative if:
(a) He has been convicted of a felony. (Emphasis added).
* * * * * *