770 So.2d 1252 (2000)
Muriel SCHLEIDER, Appellant,
v.
The ESTATE OF Anne SCHLEIDER, Appellee.
No. 4D00-421.
District Court of Appeal of Florida, Fourth District.
November 1, 2000.
*1253 David Howard Goldberg of David Howard Goldberg, P.A., Miami, for appellant.
Steven G. Glickstein, Lauderhill, for appellee.
BARKDULL, THOMAS H., III, Associate Judge.
Appellant Muriel Schleider appeals from a final order denying her petition for administration of the estate of her mother, Anne Schleider. We reverse.
The decedent, Anne Schleider, executed her last will and testament on December 24, 1986, naming her husband Benjamin Schleider as personal representative of the estate and her daughter Muriel Schleider as the substitute personal representative. After Anne Schleider died, Orit Simhoni, a daughter who is a Florida resident, filed a petition for administration. Shortly thereafter, appellant, a New York resident, filed an objection to the petition for administration in addition to her own petition for administration on June 4, 1999. There is no dispute that Benjamin Schleider is unable to act as personal representative, even though he is the sole beneficiary and named as the primary personal representative under the will.
A hearing was held on the petition for administration, and the probate court rendered its order on petition for administration on January 5, 2000, stating that "this Court has a familiarity with this case ... [and] recognizes that there is a potential conflict between the nominee, MURIEL SCHLEIDER and her sister, ORIT SIMHONI. This is an unusual circumstance, in which these sisters have been at odds throughout the existence of the Guardianship of Anne Schleider, and the Guardianship of Benjamin Schleider." The court refused to appoint either Orit Simhoni or Muriel Schleider as personal representative and instructed both parties to each nominate three different attorneys, licensed to practice law in Palm Beach County or Broward County. The court would then appoint one of the nominated attorneys to act as personal representative. This timely appeal followed.
The issue before this court is whether the trial court abused its discretion in denying Muriel Schleider's request to be appointed personal representative of Anne Schleider's estate.
The general rule of law is that trial courts do not have discretion to refuse to appoint the personal representative named by the testator in the will unless that person is disqualified by law. See § 733.301, Fla. Stat. (1999); State v. North, 159 Fla. 351, 32 So.2d 14, 18 (1947); Pontrello v. Estate of Kepler, 528 So.2d 441, 442-43 (Fla. 2d DCA 1988). Clearly, the testator's selection of a personal representative should be afforded great deference. See Fain v. Hall, 463 F.Supp. 661, 664 n. 3 (M.D.Fla.1979); Pontrello, 528 So.2d at 442-43. Only in exceptional circumstances does a court have the discretion to refuse to appoint a person as personal representative who was named in the decedent's will. See, e.g., Padgett v. Estate of Gilbert, 676 So.2d 440, 443 (Fla. 1st DCA 1996); In re Estate of Miller, 568 So.2d 487, 489 (Fla. 1st DCA 1990); Pontrello, 528 So.2d at 443; In re Estate of Snyder, 333 So.2d 519, 520 (Fla. 2d DCA 1976).
Pontrello sets forth one example of such exceptional circumstances. According to the second district, the trial court may exercise its discretion "if after the personal representative is named in the will, unforeseen circumstances arise which clearly would have affected the testator's decision had he been aware of such circumstances, but the testator had no reasonable opportunity prior to his death to change the *1254 designation of the personal representative in his will." Pontrello, 528 So.2d at 443. Other factors which may be considered are discussed in Padgett, the dissent in Pontrello, and Estate of Snyder.
In his dissenting opinion, Judge Campbell indicated that "a trial judge may refuse to appoint a personal representative named in a will upon the basis of facts presented to the appointing judge at the time of appointment that, if presented after the appointment, would support removal of the personal representative." Pontrello, 528 So.2d at 445 (Campbell J., dissenting). Judge Campbell also added that "it would ... be absurd to force the appointing court to wait until the estate or persons interested in the estate had actually suffered the detriment that was reasonably demonstrated would occur." Id. at 447.
Section 733.301, Florida Statues (1999) (formerly § 732.44, Fla. Stat. (1973)), does not bestow an absolute right upon those who are given preference to be appointed personal representative under this statute. See Estate of Snyder, 333 So.2d at 520. In Estate of Snyder the second district held that an individual may be considered unsuitable to administer the estate, if there is an adverse interest of some kind, hostility to those immediately interested in the estate, or an interest adverse to the estate itself. See id. "To hold that only insanity, conviction of an infamous crime, and minority bar the appointment of appellants as administrators would give the statute an absurd construction." Id. The second district further stated:
Where the record supports the conclusion that a person occupying the position of statutory preference does not have the qualities and characteristics necessary to properly perform the duties of an administrator, it would be an anomaly to hold that a probate court, which has historically applied equitable principles in making its judgments, does not have the discretion to refuse to appoint him simply because he did not fall within the enumerated list of statutory disqualifications.
Estate of Snyder, 333 So.2d at 521.
The first district applied the Estate of Snyder court's reasoning in Padgett. The Padgett court held that "[a]lthough the probate statutes do not expressly impose a general requirement of `good moral character' for persons seeking to qualify as a personal representative, the circuit court has the inherent authority to consider a person's character, ability and experience to serve as personal representative." See Padgett, 676 So.2d at 443 (citing Estate of Snyder, 333 So.2d 519). If the record supports the conclusion that the person lacks the necessary qualities and characteristics, the court has discretion to refuse to appoint even a person occupying a position of statutory preference who is not specifically disqualified by the statute. See id.
The order on appeal does not set forth in sufficient detail the facts which would support the court's denial of Muriel Schleider's petition for administration. In the order the trial judge referred to a potential conflict between Muriel Schleider and Orit Simhoni as the basis for declining to appoint either sister as personal representative. A dispute between the beneficiaries of the estate standing alone is not sufficient grounds to refuse to appoint the person named as personal representative in the decedent's will, if she is otherwise qualified to serve. See Pontrello, 528 So.2d at 444. However, if a dispute which will result in unnecessary litigation and impede the administration of the estate is combined with other factors such as those noted in Padgett, the dissent in Pontrello, and Estate of Snyder, the totality of the circumstances may rise to a level that allows the trial court to exercise its discretion in refusing to appoint the personal representative named in the will.
Accordingly, we reverse the order on appeal which declined to appoint Muriel *1255 Schleider as personal representative, and remand with instructions for the trial court to consider the totality of the circumstances in light of the factors in Padgett, Judge Campbell's well-reasoned dissent in Pontrello, and Estate of Snyder.
REVERSED AND REMANDED WITH INSTRUCTIONS.
WARNER, C.J., and HAZOURI, J., concur.