THOMPSON, J.
Angel Ruben Lopez Hernandez (“Ruben”) appeals the trial court’s order refusing to appoint him as personal representative of his father’s estate, although he was named in his father’s will. Instead of appointing Ruben, the trial court appointed an unrelated attorney as personal repre *126 sentative. The only basis for the trial court’s ruling was that there was animosity between Ruben and his brother, Angel Raul Lopez Hernandez (“Raul”), who also applied to be appointed personal representative. We treat Ruben’s petition for writ of certiorari as a timely notice of appeal and reverse, concluding the trial court abused its discretion.
Angel Lopez Maldonado (“Maldonado”) died in January 2005. His will named Ruben as personal representative or, if Ruben did not survive Maldonado, Raul. The two brothers each claimed he should be appointed the personal representative of their father’s estate. Appellee[1] Elizabeth Hernandez Pastrana (“Elizabeth”) is their mother and the ex-wife of their father, Maldonado. She intervened in the case because of litigation in Puerto Rico concerning a dispute over jointly-owned property. Ruben and Elizabeth argue that the trial court abused its discretion by refusing to appoint Ruben as personal representative of Maldonado’s estate.
The record suggests that Ruben and Raul have quarreled since their father’s death and shows both petitioned to be named personal representative. In refusing to appoint Ruben as the personal representative, the trial court entered an order that stated:
This cause came for hearing ... for appointment of personal representative for the estate of [Maldonado].... [Ruben] was named executor in the will.... [Raul] filed a separate petition to be declared personal representative.... [Ruben] possessed the will ... and surrendered it to ... [Elizabeth].... Neither of the brothers can agree on who will be personal representative of the estate.
Wherefore, this court appointed [unrelated] attorney ..., and upon his agreement to serve as PR on March 2, 2006. Thereby [sic] relieving the family of the problem that had arisen between the respective PR’s.
We review the trial court’s order to determine if there was an abuse of discretion when it denied Ruben’s request to be named personal representative of Maldonado’s estate. See Canakaris v. Canakaris, 382 So.2d 1197 (Fla.1980); Schleider v. Estate of Schleider, 770 So.2d 1252 (Fla. 4th DCA 2000). In Schleider, the Fourth District wrote:
The general rule of law is that trial courts do not have discretion to refuse to appoint the personal representative named by the testator in the will unless that person is disqualified by law. Clearly, the testator’s selection of a personal representative should be afforded great deference. Only in exceptional circumstances does a court have the discretion to refuse to appoint a person as personal representative who was named in the decedent’s will.
Schleider, 770 So.2d at 1253 (citations omitted); see also § 733.301(l)(a)l., Fla. Stat. (2005).
We determine the brothers’ dispute does not constitute exceptional circumstances. Exceptional circumstances may include those in which “unforeseen circumstances arise [that] clearly would have affected the testator’s decision had he been aware of such circumstances, but the testator had no reasonable opportunity prior to his death to change the designation of the personal representative in his will.” Schleider, 770 So.2d at 1253-54 (quoting Pontrello v. Estate of Kepler, 528 *127 So.2d 441, 443 (Fla. 2d DCA 1988)). In addition, the preferred personal representative “may be considered unsuitable to administer the estate if there is an adverse interest of some kind, hostility to those immediately interested in the estate, or an interest adverse to the estate itself.” Id. at 1254 (citing In re Estate of Snyder, 333 So.2d 519, 520 (Fla. 2d DCA 1976)). In making a decision, the circuit court may consider the person’s character, ability, and experience to serve as personal representative and may refuse to appoint the preferred person if the record supports its conclusion that the person lacks the necessary qualities. Id. (citing Padgett v. Estate of Gilbert, 676 So.2d 440, 443 (Fla. 1st DCA 1996)); accord DeVaughn v. DeVaughn, 840 So.2d 1128, 1133 (Fla. 5th DCA 2003).
Here, the record shows the brothers’ dispute is acrimonious, but unremarkable. There is no record evidence that Ruben does not meet the statutory criteria to serve as the personal representative. Record review indicates that Ruben is an Ohio attorney who has been diligently determining the estate’s assets and liabilities. Raul raised two reasons why he should have been appointed personal representative. First, he claimed that the administration of the estate had taken too long because Ruben had the original will and would not return it. Second, he implied that Ruben deliberately withdrew more money from Maldonado’s account than he was entitled to; however, this implication is undermined by the bank letter that Raul submitted in support of his suggestion. These allegations would not support a finding that exceptional circumstances exist or that Ruben lacks the character, ability, and experience to serve as personal representative. DeVaughn, 840 So.2d at 1133-34.
More important, the trial court did not detail the facts that would support the denial of Ruben’s petition for administration, but referred only to the brothers’ conflict as its basis for declining to appoint either as personal representative. This was insufficient because a dispute between the estate’s beneficiaries, without more, does not constitute sufficient grounds to refuse to appoint an otherwise qualified person named as personal representative in the decedent’s will. See Schleider, 770 So.2d at 1254. Where a dispute will cause unnecessary litigation and impede the estate’s administration, and either the person lacks the character, ability, and experience to serve or exceptional circumstances exist, the totality of circumstances may permit the court to refuse to appoint the personal representative named in the will. Id. Here, the record does not support such a conclusion.
Accordingly, we REVERSE and REMAND with instructions to grant Ruben’s petition to be named personal representative.
ORFINGER and TORPY, JJ., concur.

. Technically an appellee, Elizabeth submitted a pro se brief agreeing that Ruben should have been appointed the personal representative. Ruben's position on appeal is unopposed.