954 So.2d 656 (2007)
Jonathan Daniel GARCIA, Appellant,
v.
Stephanie G. MORROW, Appellee.
No. 3D05-2763.
District Court of Appeal of Florida, Third District.
April 4, 2007.
*657 Arthur J. Morburger; Peter A. Cohen, Miami, for appellant.
Joseph P. George, Jr., for appellee.
Before WELLS, SHEPHERD, ROTHENBERG, JJ.
WELLS, J.
Jonathan Daniel Garcia, grandson of decedent Nereida Garcia, appeals from an order appointing his mother Stephanie Morrow, f/k/a Stephanie Garcia, personal representative of his grandmother's estate. He also appeals from an order striking the disclaimer of his father, Nestor Garcia. We reverse both orders.
Jonathan is one of the decedent's four grandchildren. The other three, David, who like Jonathan has reached majority, Samara and Alexandra, both of whom are minors, are Jonathan's siblings. Jonathan's parents, Stephanie Morrow and Nestor Garcia (the decedent's only child) are divorced.
In 1998, Nestor was sentenced to five years in prison on federal charges and ordered to pay restitution in the amount of $1,658,729.57. Following his mother's death and while still in prison, Nestor acquiesced to a state court order mandating transfer of his mother's condominium unit and accounts at certain financial institutions to Stephanie to satisfy past due child support payments.
Stephanie has now petitioned to administer Nereida's estate and seeks appointment as personal representative. Jonathan also seeks to be appointed as personal representative and has filed a disclaimer of interest executed by his father as well as the consent of his brother, the only other descendant to have attained majority, in support of his petition.
Pointing to Nestor's transfer of his interest in Nereida's assets in the earlier court order, Stephanie claims that Jonathan has tried to work a fraud on the court by securing and filing Nestor's disclaimer of interest in those same assets.[1] The trial court apparently agreed, appointing Stephanie, without an evidentiary hearing, as personal representative. For the following reasons we reverse this determination and remand for an evidentiary hearing.
Section 733.301 of the Florida Statutes (2006) provides in part:
(1) In granting letters of administration, the following order of preference shall be observed:
. . . .
(b) In intestate estates:
1. The surviving spouse.
2. The person selected by a majority in interest of the heirs.
3. The heir nearest in degree. If more than one applies, the court may select the one best qualified.
. . . .
(3) In either a testate or an intestate estate, if no application is made by any of the persons described in subsection *658 (1), the court shall appoint a capable person;
Under this provision, Jonathan is the preferred representative. See also § 733.301(1)(b), Fla. Stat. (2006) (providing that after a surviving spouse, the person selected by a majority in interest of the heirs or the heir nearest in degree has priority to serve as personal representative); § 733.303(1)(a), Fla. Stat. (2006) (providing that a "person is not qualified to act as a personal representative if the person . . . [h]as been convicted of a felony").
A party having preference, and not otherwise disqualified by the statute, does not, however, have an absolute right to appointment. See Estate of Snyder, 333 So.2d 519, 520 (Fla. 2d DCA 1976). Rather, "[t]he appointment of a personal representative for an intestate estate is a discretionary act of the probate courts." DeVaughn v. DeVaughn, 840 So.2d 1128, 1132 (Fla. 5th DCA 2003). But where a preferred individual is not being appointed, the record must show that the preferred person is not fit to be appointed as the representative:
[W]e know that the probate court has the inherent authority to consider a person's character, ability, and experience to serve as personal representative. See Padgett v. Estate of Gilbert, 676 So.2d 440, 443 (Fla. 1st DCA 1996). However, if the statutorily preferred person is not appointed, the record must show that the person is not fit to be appointed. If the record supports the conclusion that the statutorily preferred person "lacks the necessary qualities and characteristics," the court has discretion to refuse to make the appointment. Id. For example, a person may be unsuitable to serve as personal representative because of an interest adverse to the estate or hostility to those interested in the estate. Estate of Snyder, 333 So.2d at 520. That there are ill feelings, disputes, and strained relationships among the heirs does not necessarily prohibit one of them from being the best qualified. In re Estate of Harper, 271 So.2d 40, 42 (Fla. 1st DCA 1973). Cf. In re Estate of Schleider, 770 So.2d 1252, 1254 (Fla. 4th DCA 2000) (holding that "if a dispute which will result in unnecessary litigation and impede the administration of the estate is combined with other factors . . . the totality of the circumstances may rise to a level that allows the trial court to exercise its discretion in refusing to appoint the personal representative named in the will.").
Id., 840 So.2d at 1133 (emphasis added).
Here, the record demonstrates only that in seeking to be appointed as personal representative of the estate, Jonathan submitted his father's disclaimer. This alone is insufficient to support rejection of Jonathan's appointment.
This is not to say that Jonathan must be appointed as personal representative. As explained in Schleider v. Estate of Schleider, 770 So.2d 1252 (Fla. 4th DCA 2000), where the record confirms that the preferred person is not qualified or fit to administer an estate, that person does not have to be appointed:
Section 733.301, Florida Statutes (1999) (formerly § 732.44, Fla. Stat. (1973)), does not bestow an absolute right upon those who are given preference to be appointed personal representative under this statute. See Estate of Snyder, 333 So.2d at 520. In Estate of Snyder the second district held that an individual may be considered unsuitable to administer the estate, if there is an adverse interest of some kind, hostility to those immediately interested in the estate, or an interest adverse to the estate itself. See id. "To hold that only insanity, *659 conviction of an infamous crime, and minority bar the appointment of appellants as administrators would give the statute an absurd construction." Id. The second district further stated:
Where the record supports the conclusion that a person occupying the position of statutory preference does not have the qualities and characteristics necessary to properly perform the duties of an administrator, it would be an anomaly to hold that a probate court, which has historically applied equitable principles in making its judgments, does not have the discretion to refuse to appoint him simply because he did not fall within the enumerated list of statutory disqualifications. Estate of Snyder, 333 So.2d at 521.
Id., 770 So.2d at 1254.
Because the record does not demonstrate that Jonathan is not fit to serve as personal representative, we reverse the orders striking Nestor's disclaimer and appointing Stephanie as personal representative and remand for an evidentiary hearing to determine whether Jonathan as the statutorily preferred person "lacks the necessary qualities and characteristics" to assume the position as personal representative. DeVaughn, 840 So.2d at 1133 (quoting Padgett, 676 So.2d at 443).
Reversed and remanded.
NOTES
[1] Section 739.402, Florida Statutes (2006) provides in part:

(2) A disclaimer of an interest in property is barred if any of the following events occur before the disclaimer becomes effective:
. . . .
(b) The disclaimant voluntarily assigns, conveys, encumbers, pledges, or transfers the interest sought to be disclaimed or contracts to do so.