KELLY, Judge.
 

 Cynthia Bowdoin died intestate leaving her husband, George Bowdoin, and minor child as the sole heirs of her estate. The decedent’s mother, Mary Rinnier, filed a petition for administration requesting appointment as personal representative of her daughter’s estate. Mr. Bowdoin filed a counterpetition for administration seeking the appointment as the decedent’s surviving spouse. After a hearing, the circuit court granted Ms. Rinnier’s petition. Because we conclude the court abused its discretion in making the appointment, we reverse.
 

 Section 733.301, Florida Statutes (2010), sets forth the order of preference for appointing a personal representative of an intestate estate as follows:
 

 1. The surviving spouse.
 

 2. The person selected by a majority in interest of the heirs.
 

 3. The heir nearest in degree.
 

 § 733.301(l)(b). Here, the circuit court recognized that Mr. Bowdoin has priority as the surviving spouse. However, rather than appointing Mr. Bowdoin as personal representative, the court determined that it was in the best interest of all parties that Ms. Rinnier be appointed.
 

 A circuit court has discretion to appoint someone other than the preferred person as personal representative of an intestate estate.
 
 In re Estate of Snyder,
 
 333 So.2d 519, 520 (Fla. 2d DCA 1976);
 
 Garcia v. Morrow,
 
 954 So.2d 656, 658 (Fla. 3d DCA 2007). However, where a statutorily preferred individual is not appointed, the record must show that the preferred person is not fit to serve as personal representative.
 
 DeVaughn v. DeVaughn,
 
 840 So.2d 1128, 1133 (Fla. 5th DCA 2003). If the record supports the conclusion that the preferred person “lacks the necessary qualities and characteristics” to act as personal representative, the court has discretion to refuse to make the appointment.
 
 Padgett v. Estate of Gilbert,
 
 676 So.2d 440, 443 (Fla. 1st DCA 1996).
 

 Ms. Rinnier produced no witnesses or evidence at the hearing to show that Mr. Bowdoin was disqualified from serving. Although we understand the dilemma faced by the circuit court given the serious
 
 *584
 
 nature of the allegations contained in Ms. Rinnier’s petition, she was nevertheless required to support those allegations with evidence. In the absence of such an eviden-tiary basis, the circuit court was not free to appoint someone other than Mr. Bow-doin. We therefore reverse the circuit court’s appointment of Ms. Rinnier and remand for an evidentiary hearing to determine whether Mr. Bowdoin, as the person having statutory preference, lacks the necessary qualities to administer his wife’s estate.
 
 See id.
 

 Reversed and remanded with directions.
 

 DAVIS and BLACK, JJ., Concur.