# FIRST DISTRICT COURT OF APPEAL
## STATE OF FLORIDA

_____

No. 1D17-2928
_____

KARISSA SENOPOULOS,

    Appellant,

    v.

HARRY C. SENOPOULOS, II, In Re:
Estate of Harry Alexander
Senopoulos, III,

    Appellee.

_____

On appeal from the Circuit Court for Santa Rosa County.
Ross Goodman, Judge.

August 24, 2018

PER CURIAM.

Karissa Senopoulos appeals the order appointing her former father-in-law, Harry C. Senopoulos, II, as personal representative for the estate of her late husband, Harry Alexander Senopoulos, III. She argues that as the surviving spouse, she is the rightful personal representative of the estate under § 733.301(1)(b), Florida Statutes. We reverse.

## BACKGROUND

Decedent Harry Alexander Senopoulos, III, and Karissa Senopoulos met in college and began a relationship in 2013. They were engaged to be married in 2016, and on May 5, 2016, entered

into a prenuptial agreement in which neither waived rights to the other's estate. The couple were married on May 9, 2016. Four days later, on May 13, 2016, the decedent died in his bedroom from a gunshot wound to the head.

On June 21, 2016, the decedent's father filed a Petition for Administration requesting the court appoint him as personal representative of the estate. He has alleged foul-play by Ms. Senopoulos in the death of his son. Ms. Senopoulos filed an objection and counter-petition asserting her right as the surviving spouse to be appointed as personal representative. The trial court held a hearing in February 2017, and entered an order appointing the decedent's father as personal representative in July 2017. In making the appointment, the order used the language of § 733.301(1)(b)3, concluding that the decedent's father was "entitled to" appointment as the "nearest heir of the Decedent willing to serve as personal representative." Ms. Senopoulos appealed.

## ANALYSIS

When an appeal turns on the interpretation of the terms of a statute, the court reviews the legal question de novo. *State v. Rand*, 209 So. 3d 660, 663 (Fla. 1st DCA 2017). In this case, the court interpreted the statute to entitle the decedent's father to appointment as personal representative over Ms. Senopoulos, who is the surviving spouse. This was an error because the decedent's father is not "[t]he heir nearest in degree," and because there is a surviving spouse. § 733.301(1)(b), Fla. Stat. As the "surviving spouse," Ms. Senopoulos ranks first in the statute's order of preference for appointment as the personal representative. § 733.301(1)(b)1. And so, the statute did not entitle the decedent's father to the appointment.

The decedent's father argues that we can affirm irrespective of the statute's preference for the surviving spouse based on the inherent authority of courts to evaluate a person's fitness for serving as a personal representative. *See Padgett v. Estate of Gilbert*, 676 So. 2d 440, 443 (Fla. 1st DCA 1996) (recognizing the inherent authority of trial courts to consider "a person's character, ability and experience to serve as personal representative and . . .

2

refuse to appoint even a person occupying a position of statutory preference who is not specifically disqualified by the statute"). But doing so would ignore the order below. The order stated that decedent's father was appointed based upon his entitlement under the statute, not pursuant to trial court's discretion, or Ms. Senopoulos's lack of fitness to serve. It is not the appellate court's place to assess Ms. Senopoulos's fitness in the first instance, when the trial court hasn't decided this issue. *See, e.g., Frederick v. United Airlines*, 688 So. 2d 412, 413 (Fla. 1st DCA 1997) (warning against appellate courts usurping the factfinding prerogatives of the lower tribunal).

Accordingly, we reverse the order appointing the decedent's father as personal representative under the statute. And we remand for a determination of the issue based upon either the statutory order of preference, which favors Ms. Senopoulos, or the court's inherent authority to appoint someone else, including perhaps the decedent's father, if statutorily preferred persons lack the qualities and characteristics necessary to act as personal representative. *See Padgett*, 676 So. 2d at 443.

REVERSED and REMANDED.

WOLF, OSTERHAUS, and WINSOR, JJ., concur.

_____

*Not final until disposition of any timely and authorized motion under Fla. R. App. P. 9.330 or 9.331.*

_____

Bentley M. Fisher, Pensacola, for Appellant.

Robert J. Powell and James R. Green, Jr., Clark Partington, Pensacola, for Appellee.