DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**KEVAN BOYLES** and **ROSEMARY COONEY,**
Appellants,

v.

**JOSE IVAN JIMENEZ** and **CAROL ANN DYBDAL,**
Appellees.

Nos. 4D20-1042, 4D20-1201

[September 8, 2021]

Consolidated appeals from the Circuit Court for the Fifteenth Judicial Circuit, Palm Beach County, Renatha Francis, Judge; L.T. Case Nos. 50-2017-CP-004460-XXXX-MB and 50-2018-CA-000067-XXXX-MB.

Rosemary Cooney of Probate, Guardianship, & Trust, P.A., West Palm Beach, for appellants.

Peter Ticktin, Jamie Alan Sasson and Michael McCormick, Jr. of The Ticktin Law Group, Deerfield Beach, for appellees.

FORST, J.

Appellant Kevan Boyles appeals the trial court's entry of final summary judgment against him, removing him as trustee of the testatrix's revocable trust and as putative personal representative of her estate under the terms of a 2015 will. Appellant Rosemary Cooney appeals from a related denial of her petition for administration of the estate and her motion to be substituted as successor party to Boyles in a challenge to the testatrix's 2017 will. Upon consideration of the parties' arguments and the record, we affirm on all issues raised on appeal.

**Background**

On October 9, 2015, Margaret Ann Trevarthen ("the testatrix") executed a will ("the 2015 will") and a revocable trust ("the 2015 trust"). Both documents were prepared by Boyles, in his capacity as the testatrix's attorney. The 2015 will and the 2015 trust named Boyles as personal representative and trustee, respectively, and his wife, Cooney (also an attorney), as successor personal representative and successor trustee.

The terms of the 2015 trust gave the testatrix "the absolute right to amend or revoke my trust, in whole or in part, at any time." Moreover, in a section titled "The Removal of a Trustee," the 2015 trust provided that "[a]ny trustee may be removed [after the testatrix's death by] a majority of the beneficiaries then eligible to receive mandatory or discretionary distributions of net income under this Agreement . . . ."

*Revocation of the 2015 Trust/Removal of the Trustees*

Two days after signing and executing the trust documents, the testatrix signed documents revoking the 2015 trust. The revocation was witnessed by a notary, with the witness stating in an affidavit that the testatrix represented that she knew what she was signing and did so "at her own free will" because "her financial affairs had been assigned to [Boyles] who had not been returning her calls" and "she didn't want [him] to handle her affairs."

In early April 2016, pursuant to the terms of the 2015 trust providing that "[a]ny amendment or revocation must be delivered to my Trustee in writing," the testatrix sent Boyles the revocation documents, a signed, notarized letter stating "I am revoking all the trust documents signed October 9, 2015" (with the signatures of two witnesses), and a document entitled "Replacement of Trustee," informing Boyles and Cooney that they were being replaced as "trustees of my trust," with Appellee Ivan Jimenez appointed as trustee. By separate letter, the testatrix also informed Appellants that Jimenez was given power of attorney.

Boyles responded to this correspondence, acknowledging receipt and requesting that the testatrix "contact our office to clarify the status of our representation going forward." At about the same time that Boyles was referencing "our representation," he was shuttering his legal practice due to his suspension from the practice of law, effective April 23, 2016. At no time did Boyles inform the testatrix of his suspension or that he was not permitted to accept any new business as of March 26, 2016.

*Revocation of the 2015 Will*

In March 2017, the testatrix executed a new will ("the 2017 will") and a new trust ("the 2017 trust"). The 2017 will expressly revoked all former wills and codicils and named Ivan Jimenez as personal representative. Similarly, the 2017 trust expressly revoked all prior living trusts and named Ivan Jimenez as trustee. Appellants have challenged the validity of both 2017 documents, claiming that Jimenez applied undue influence over a mentally incompetent testatrix.

2

Under the 2015 will, there are two principal beneficiaries: Appellee Carol Dybdal, the testatrix's niece, who would receive nearly ninety-two percent of the estate, and her brother, who would receive nearly eight percent. A non-relative would receive $25,000. Under the 2017 will, five of the testatrix's caregivers would split $290,000, and Dybdal would receive ninety-eight percent of the remaining assets, with her brother's share reduced to two percent. Both Dybdal and her brother support administration of the 2017 will, even though it distributes an additional $265,000 to non-relatives and diminishes the testatrix's nephew's share.

*The Instant Action*

The testatrix died in August 2017. The following month, Boyles filed a petition for administration requesting the trial court to admit the 2015 will and appoint him as personal representative. The trial court subsequently issued letters of administration and appointed Boyles as personal representative. Boyles never contacted the beneficiaries, and began mailing letters to financial institutions, representing himself as the trustee. At all times after April 23, 2016, Boyles has been suspended from the practice of law.

Appellees Jimenez and Dybdal immediately filed an objection to Boyles' appointment, and they filed a petition for administration of the 2017 will and sought appointment of Jimenez as personal representative. Additionally, Appellees filed a petition to remove Boyles as trustee, referencing the revocation of the 2015 trust.

Appellants challenged the validity of the 2017 will and 2017 trust, claiming that both instruments were procured by undue influence over the testatrix. During the ensuing will contest, Appellees moved for summary judgment, arguing for the removal of Boyles on the grounds that even if the 2015 will was operative, he was not qualified to serve as personal representative based on his lack of moral character. Ultimately, the trial court granted summary judgment on this ground, removed Boyles as personal representative, and further made a finding that the testatrix had revoked the 2015 trust.

Following Boyles' removal, Cooney filed a petition for administration of the 2015 will and motion to substitute herself as the successor party to challenge the validity of the 2017 will. At a hearing on these issues, Cooney argued that a ruling as to her petition for administration would be premature pending a resolution of the will contest. The trial court denied Cooney's petition, finding that she should not be appointed as the

successor personal representative.  The order also denied Cooney's motion to be substituted as the successor party in the challenge of the 2017 will and 2017 trust, determining that her involvement in the matter would prolong litigation and administration of the estate.  In the same order, the trial court appointed an administrator ad litem to substitute as the successor party in the ongoing will contest and ordered the administrator ad-litem to investigate and report as to the viability of going forward with the will contest.

The trial court's orders and subsequent denials of motions for rehearing are the subject of appeals that have been consolidated for review and disposition.

## Analysis

*Removal of Boyles as Trustee*

Appellants argue that the trial court erred in entering summary judgment and finding that the testatrix had revoked the 2015 trust because genuine issues of material fact remained.

The standard of review for an order granting summary judgment is de novo.  *Fla. Atl. Univ. Bd. of Trs. v. Lindsey*, 50 So. 3d 1205, 1206 (Fla. 4th DCA 2010).  Summary judgment is proper when there are no genuine issues of material facts and the moving party is entitled to judgment as a matter of law.  *Volusia Cnty. v. Aberdeen at Ormond Beach, L.P.,* 760 So. 2d 126, 130 (Fla. 2000).[1]  When reviewing a ruling on summary judgment, the appellate court must examine the record in the light most favorable to the nonmoving party and determine whether the moving party has shown conclusively the complete absence of any genuine issue of material fact. *Gorham v. Zachry Indus., Inc.*, 105 So. 3d 629, 632 (Fla. 4th DCA 2013).

In their motion for summary judgment, Appellees declared "[i]t is undisputed that [the testatrix] executed documents revoking Mr. BOYLES

---

[1] After the trial court issued its final summary judgment that is the subject of the instant appeal, the Florida Supreme Court amended Florida Rule of Civil Procedure 1.510(c) to adopt a new summary judgment standard.  *See In re Amendments to Fla. R. of Civ. Proc. 1.510*, 309 So. 3d 192, 193–95 (Fla. 2020) (adopting the federal summary judgment standard).  The amendment, which became effective on May 1, 2021, does not apply here as the final judgment predates the amendment.  *See Wilsonart, LLC v. Lopez*, 308 So. 3d 961, 964 (Fla. 2020) (stating that the amendment to rule 1.510(c) applies prospectively); *Tank Tech, Inc. v. Valley Tank Testing, L.L.C.*, 46 Fla. L. Weekly D1264, 2021 WL 2212092 at *1, n. 1 (Fla. 2d DCA June 2, 2021).

as her Trustee and Power of Attorney." Indeed, Appellants do not dispute the 2015 trust's terms expressly and unambiguously provided the testatrix with the absolute right to revoke the trust at any time, so long as the revocation was delivered to the trustee in writing. Boyles, however, questioned whether the revocation letter was properly delivered, and he also maintained disputed issues of material fact existed as to the testatrix's capacity and intent and whether she was unduly influenced to revoke the 2015 trust a mere two days after executing it.

Notwithstanding Boyles' arguments, competent substantial evidence supports the trial court's summary judgment regarding the 2015 trust's revocation. Witnesses saw the testatrix signing the revocation letter and removal documents in October 2015 and April 2016, respectively. Without dispute, Boyles had notice and receipt of the written revocation, as reflected in his sending a response to the testatrix upon receiving notice of "Replacement of Trustee," stating "it would be greatly appreciated if you would contact our office to clarify the status of our representation going forward." Neither the 2015 trust nor the law required the testatrix to respond to Boyles' entreaty.

To the extent Boyles contends the 2015 trust's revocation was attributable to undue influence, his argument fails as undue influence has no application to a revocable trust. *Fla. Nat'l Bank of Palm Beach Cnty. v. Genova*, 460 So. 2d 895, 896–98 (Fla. 1984) (a mentally competent settlor may revoke a revocable trust, regardless of whether the decision was the product of undue influence); *MacIntyre v. Wedell*, 12 So. 3d 273, 275 (Fla. 4th DCA 2009) ("[E]ven after the settlor's death, the settlor's revocation of her revocable trust during her lifetime is not subject to challenge on the ground that the revocation was the product of undue influence."). Moreover, there is no evidence that, when signing the revocation letter a mere two days after naming Boyles as trustee, the testatrix was mentally incompetent. Although Boyles received the revocation and removal documents in April 2016, he made no effort to challenge the testatrix's competence before her August 2017 death.

Finally, Boyles fails to address the 2015 trust's permitting removal of a trustee by "a majority of the beneficiaries then eligible to receive mandatory or discretionary distributions of net income under this Agreement . . . ." Appellees established that two of the 2015 trust's three beneficiaries supported Boyles' removal (if the 2015 trust was deemed to have not been revoked).

Accordingly, no genuine issue of material fact existed, and the trial court properly found, on summary judgment, that the testatrix revoked

the 2015 trust two days after creating it and/or removed Boyles and Cooney as trustee/successor trustee no later than April 2016; or, alternatively, that a majority of the trust's beneficiaries would remove Boyles as trustee if the 2015 trust was deemed to be the operative trust.

*The Administrator Ad Litem's Substitution as Successor Party to Boyles and Cooney in Litigating the Ongoing Will Contest*

Cooney's appeal primarily focuses on the trial court's denial of her motion to be substituted as the "proper party in the will/trust contest." Cooney asserts she "had standing, preference in appointment, and was qualified to serve to replace [Boyles] in the will/trust contest."

"We review orders of dismissal based on a lack of standing de novo." *Agee v. Brown*, 73 So. 3d 882, 885 (Fla. 4th DCA 2011); *Wheeler v. Powers*, 972 So. 2d 285, 288 (Fla. 5th DCA 2008). However, appellate review of a trial court's denial of appointment as personal representative is subject to abuse of discretion scrutiny. *See Schleider v. Est. of Schleider*, 770 So. 2d 1252, 1253 (Fla. 4th DCA 2000); *Hernandez v. Hernandez*, 946 So. 2d 124, 126 (Fla. 5th DCA 2007). Similarly, an appellate court will not reverse an order removing a personal representative absent a trial court's abuse of discretion. *Henderson v. Ewell*, 149 So. 372, 372 (Fla. 1933); *In re Senz' Estate*, 417 So. 2d 325, 327 (Fla. 4th DCA 1982).

Cooney is correct that, per *Wheeler*, as the designated successor personal representative under the "prior [2015] will," she "fits the definition of an 'interested person' as [s]he may reasonably be expected to be affected by the outcome of the [will contest] and the non-probate of the [2015] will." *Wheeler*, 972 So. 2d at 288.

However, not "every personal representative from every prior will should be granted standing . . . . [T]he definition of 'interested person' is fluid and 'must be determined according to the particular purpose of, and matter involved in, any proceeding." *Id.* (quoting *Hayes v. Guardianship of Thompson*, 952 So. 2d 498, 507 (Fla. 2006). We look to the law regarding appointments and dismissals of personal representatives to determine if the trial court abused its discretion in excluding both Boyles and Cooney as parties to the underlying will contest.

"If the record supports the conclusion that a person lacks the necessary qualities and characteristics, the court has discretion to refuse to appoint even a person occupying a position of statutory preference who is not specifically disqualified by [section 733.504, Florida Statutes (titled "Removal of personal representative; causes for removal")]." *Schleider*, 770

So. 2d at 1254; *see Padgett v. Est. of Gilbert*, 676 So. 2d 440, 443 (Fla. 1st DCA 1996) ("Although the probate statutes do not expressly impose a general requirement of 'good moral character' for persons seeking to qualify as a personal representative, the [trial] court has the inherent authority to consider a person's character, ability and experience to serve as personal representative[.]").

Moreover, the preferred personal representative "may be considered unsuitable to administer the estate, if there is an adverse interest of some kind [or] hostility to those immediately interested in the estate, or an interest adverse to the estate itself." *Schleider*, 770 So. 2d at 1254 (citing *In re Snyder's Est.*, 333 So. 2d 519, 520 (Fla. 2d DCA 1976)).

> A dispute between the beneficiaries of the estate standing alone is not sufficient grounds to refuse to appoint the person named as personal representative in the decedent's will, if she is otherwise qualified to serve. However, if a dispute which will result in unnecessary litigation and impede the administration of the estate is combined with other factors . . ., the totality of the circumstances may rise to a level that allows the trial court to exercise its discretion in refusing to appoint the personal representative named in the will.

*Id.* (internal citation omitted).

The record here demonstrates that Boyles was suspended from the practice of law in 2016 based on his conduct in filing numerous petitions for administration and wrongful death actions in matters where he had no contact with the beneficiaries, nor any permission from the beneficiaries to do so. Additionally, when Boyles filed the instant petition for administration, he similarly failed to notify the beneficiaries. The Florida Bar cited this as a factor in opposing Boyles' then-pending petition for reinstatement to practice law. That petition was summarily denied by the Florida Supreme Court. As noted above, there is no evidence or argument that the testatrix was ever informed of Boyles' 2016 suspension.

The underlying record provides support for the trial court's conclusion that Boyles' "character, ability [without a license to practice law] and experience" rendered him unfit to serve as personal representative. Thus, it was not an abuse of the trial court's discretion to not permit Boyles to be a party to the will contest.

With respect to Cooney, in deciding to appoint an administrator ad-litem "to succeed Mr. Boyles in the adversary action in this Estate" and "to

7

quickly resolve the battle of the wills," the trial court focused on Cooney's fitness for appointment as personal representative of the estate, should the 2015 will be determined to be the operative will. It also took notice of the minimal differences between the 2015 and 2017 wills and the declaration of the two principal beneficiaries under both wills that they supported the 2017 will superseding the 2015 will even though the distribution of assets under the 2017 will was less beneficial to one if not both principal beneficiaries.

As noted above, the designated personal representative (or successor) "may be considered unsuitable to administer the estate, if there is an adverse interest of some kind [or] hostility to those immediately interested in the estate . . . ." *Schleider*, 770 So. 2d at 1254. The trial court found that, having "carefully reviewed all of the materials presented by Ms. Cooney, . . . it is apparent that if Ms. Cooney were to be appointed as a personal representative, this Estate would be locked in endless and unnecessary litigation" that would "impede the administration of this Estate." We find no abuse of discretion in the trial court's conclusion that "Ms. Cooney is not qualified to be the personal representative of this Estate," and its determination that "the matter of the will contest can move forward without her."

*Contingent Refusal to Appoint/Removal of Boyles or Cooney as Personal Representative*

Appellees sought to remove Boyles as personal representative of the estate and block Cooney's appointment as successor personal representative under the 2015 will's terms, while simultaneously contending that the 2017 will appointing Jimenez is the valid will. Although both appellants argued that removal was premature, the trial court's orders removed Boyles and denied Cooney's petition for appointment as successor personal representative.

On appeal, appellants have cited cases for the proposition that the trial court's blocking the potential appointment of either appellant was premature. Those cases, however, address situations where the trial court *appointed* a personal representative before the will contest was settled. *See Rocca v. Boyansky*, 80 So. 3d 377, 381 (Fla. 3d DCA 2012) (holding that "will contests and the rights of caveators must be determined prior to letters of administration being issued"); *In re Est. of Hartman*, 836 So. 2d 1038, 1039 (Fla. 2d DCA 2002) ("[T]he probate court was obliged to make a determination on th[e] challenge to the will prior to appointing a personal representative and admitting the will to probate."); *Grooms v. Royce*, 638 So. 2d 1019, 1021 (Fla. 5th DCA 1994) ("The trial court is required to rule

8

on the challenge to the will *before* proceeding to probate or naming the personal representative designated by the contested will, regardless of her qualifications."). Here, the trial court revoked the letters of administration that were prematurely issued to Boyles and had not subsequently named a personal representative, instead appointing an administrator ad-litem.

Should the trial court determine that the 2017 will is the operative will, appellants' fitness to serve as personal representatives becomes a moot issue and supports the common-sense principle that adjudicating a will's validity should precede an examination of a potential personal representative's fitness to serve.

In the instant case, however, a predecessor trial court had issued letters of administration to Boyles before learning of the competing 2017 will. Thus, the trial court was faced with a situation where it needed to revoke the letters of administration that had prematurely been issued to Boyles and determine the parties to the will contest. There was a *Schleider* challenge lodged by the principal beneficiaries of both the 2015 and 2017 wills to the continued involvement in these matters by both Boyles and Cooney. *See Schleider*, 770 So. 2d at 1254 ("If the record supports the conclusion that the person lacks the necessary qualities and characteristics, the court has discretion to refuse to appoint even a person occupying a position of statutory preference who is not specifically disqualified by [section 733.504].").  Thus, the trial court did not abuse its discretion by simultaneously addressing the appellants' fitness to (1) be parties to the will contest and (2) be appointed as personal representative if the 2015 will, not the 2017 will, is determined to be the operative will.

**Conclusion**

Without dispute, the testatrix intended that Appellee Carol Dybdal and her brother be the sole beneficiaries of the trust set up by the testatrix and that they be the primary beneficiaries under her will. Both primary beneficiaries: (1) do not oppose administration of the 2017 will and the inclusion of the caregivers as beneficiaries, and (2) challenge the appointment of either Appellant Boyles or Appellant Cooney as either trustee or personal representative of their aunt's trust and estate.

We affirm the summary judgment finding that the 2015 trust was revoked and replacing Boyles and Cooney as trustees. The 2017 trust's validity is not before us, and the trial court did not abuse its discretion in excluding both appellants from challenging the 2017 trust.

9

As for the appellants' appointments as personal representative and successor representative per the 2015 will, we find no abuse of discretion in the removal of appellants as party representatives and the appointment of an administrator ad litem "to quickly resolve the battle of the wills." Nor do we find an abuse of discretion in the trial court's foreclosing the appointment of either appellant as personal representative should the 2015 will be determined to be the operative will.

*Affirmed.*

WARNER and DAMOORGIAN, JJ., concur.

*     *     *

***Not final until disposition of timely filed motion for rehearing.***