# FIFTH DISTRICT COURT OF APPEAL
## STATE OF FLORIDA

———————————————

Case No. 5D2023-2032
LT Case No. 2022-CP-46817

———————————————

RACHELLE LORETO KAVANAUGH,

    Appellant,

    v.

DIANE M. THOMAS, as Personal
Representative of the Estate of
Christopher Scott Kavanaugh,

    Appellee.

———————————————

On appeal from the Circuit Court for Brevard County.
Christina Serrano, Judge.

Brice Zoecklein, of Zoecklein Law, PA, Brandon, for Appellant.

David Lee Ham, Jr., of The Law Offices of David Lee Ham, Jr.,
PA, Jacksonville, for Appellee.

July 12, 2024

SOUD, J.

    Appellant Rachelle Kavanaugh, the wife of decedent Christopher Scott Kavanaugh, appeals the trial court's order appointing the decedent's mother, Appellee Diane Thomas, as personal representative of the decedent's estate. We reverse because Appellant, as the surviving spouse, is the statutorily

preferred person to be appointed personal representative and the record fails to demonstrate she is disqualified or otherwise unfit to serve.

The decedent died intestate in August 2021. Thus, the Florida Probate Code governs the appointment of the personal representative in this case. The Code provides in part:

> In granting letters of administration, the following order of *preference shall* be observed:
>
> . . .
>
> In intestate estates:
>
> 1.   The surviving spouse.
>
> 2.   The person selected by a majority in interest of the heirs.
>
> 3.   The heir nearest in degree. If more than one applies, the court may select the one best qualified.

§ 733.301(1)(b)1.–3., Fla. Stat. (2022) (emphasis added).

Consistent with the plain language of the statute, which declares the "preference" courts are obliged to follow,[1] we have recognized "that a party having preference and who is not disqualified by the statute does not have an *absolute* right to the appointment." *DeVaughn v. DeVaughn*, 840 So. 2d 1128, 1133 (Fla. 5th DCA 2003) (emphasis added) (citing *In re Est. of Snyder,* 333 So. 2d 519, 520 (Fla. 2d DCA 1976)). Trial courts are vested with the "inherent authority to consider a person's character, ability,

---

[1] *Black's Law Dictionary* defines "preference" as: "The favoring of one person or thing over another[;] . . . The quality, state, or condition of treating some persons or things more advantageously than others." *Preference*, BLACK'S LAW DICTIONARY (11th ed. 2019).

and experience to serve as personal representative." *Id.* (citing *Padgett v. Est. of Gilbert,* 676 So. 2d 440, 443 (Fla. 1st DCA 1996)).

However, a trial court may properly decline to appoint the statutorily preferred person only when the record demonstrates that person "is not fit to be appointed" because that individual "lacks the necessary qualities and characteristics" to serve as personal representative. *See id.* (internal quotations omitted). Absent this finding, supported by the record, a trial court must follow the dictates of the statute.

In the case before us, the record simply fails to demonstrate that the wife—who may be the only heir at law—is disqualified[2] or otherwise unfit to serve. There is an insufficient basis to conclude the wife does not possess the qualities and characteristics to serve as the personal representative or that she otherwise lacks the requisite "character, ability and experience" to do so. *DeVaughn*, 840 So. 2d at 1133. Therefore, the trial court erred in declining to appoint the wife as personal representative.

Accordingly, this case is REVERSED AND REMANDED to the trial court for entry of an order (i) vacating the appointment of Diane Thomas as personal representative and (ii) appointing the wife Rachelle Kavanaugh as the personal representative of the decedent estate.

It is so ordered.

LAMBERT and EISNAUGLE, JJ., concur.

---

[2] *See* § 733.303, Fla. Stat.

———————————————

*Not final until disposition of any timely and authorized motion under Fla. R. App. P. 9.330 or 9.331.*

———————————————